**In re James Patrick FUREY and Grace Patricia Furey, his wife, individually and jointly, Debtors.**

**Bankruptcy No. 82–04163G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

July 14, 1983.

**496**

Albert J. Cunningham, Doylestown, Pa., for debtors, James Patrick Furey and Grace Patricia Furey.

Lawrence J. Tabas, Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for Fidelity & Deposit Co. of Maryland.

James J. O'Connell, Philadelphia, Pa., Standing chapter 13 trustee.

Joseph G. Murray, Philadelphia, Pa., for the standing chapter 13 trustee, James J. O'Connell, Philadelphia.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue presented herein is whether the debtors have "noncontingent, liquidated, unsecured debts of less than $100,000.00" within the meaning of section 109(e) of the Bankruptcy Code ("the Code") for purposes of determining their eligibility for relief under chapter 13 of the Code. The problem in the instant case arises because of a scheduled claim in excess of $200,000.00. Because there is no dispute regarding the liability of the debtor-husband on that debt which would make the debtors ineligible for chapter 13 relief, and because the amount owing on said debt is readily ascertainable, we conclude that said claim must be included in the eligibility computation. Consequently, we conclude that the debtors are

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. The debtors chapter 13 summary sheet lists the total amount of unsecured claims at $17,-214.60.

ineligible for relief under chapter 13 of the Code.

The facts of the instant case are as follows:[1] On September 3, 1982, James and Grace Furey ("the debtors") filed a petition for an adjustment of their debts under chapter 13 of the Code. On January 25, 1983, Fidelity and Deposit Company of Maryland ("Fidelity") filed a motion "to vacate the order for relief under chapter 13" and an objection to confirmation of the debtors' chapter 13 plan on the ground that the debtors had noncontingent, liquidated, unsecured debts in excess of $228,000.00 making them ineligible for chapter 13 relief pursuant to section 109(e) of the Code.[2] Prior to the filing of the debtors' petition, Fidelity had issued a Dishonesty, Disappearance and Destruction Bond ("the bond") to Continental Thoroughbred Racing Association, Inc., and Eagledowns Racing Association, Inc., d/b/a Keystone Racetrack ("Keystone") insuring Keystone against any fraudulent or dishonest acts committed by certain of its employees, one of whom was the debtor-husband who was employed by Keystone as a horsemen's bookkeeper from July of 1975 to September of 1981. Fidelity avers that, between February of 1979 and September of 1981, the debtor-husband misappropriated and wrongfully converted cash and checks from the horsemen's account in the total amount of $228,178.65. On October 29, 1981, Keystone submitted a proof of loss under the bond to Fidelity claiming that its employee, the debtor-husband, had misappropriated cash and checks from the horsemen's account totalling $228,178.65.[3] Fidelity paid Keystone the sum of $217,-073.65, representing the amount of the claim minus a deductible, in exchange for which sum, Keystone assigned to Fidelity its claim against the debtor-husband.[4] On January 24, 1983, Fidelity filed a proof of claim in the amount of $228,178.65 in the debtors' bankruptcy proceedings. Fidelity alleges that the debtor-husband owes it

3. See Exh. A to Fidelity's motion to vacate.

4. See Exh. B to Fidelity's motion to vacate.

$228,000.00 and, therefore, said debt makes the debtors ineligible for relief under chapter 13.

The requirements for eligibility as a debtor under chapter 13 of the Code are set forth in section 109(e) of the Code, which provides:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000.00 and noncontingent, liquidated, secured debts of less than $350,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and non-contingent, liquidated, secured debts of less than $350,000 may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e).

The dispositive inquiry in the instant case is whether Fidelity's claim against the debtor-husband is liquidated within the meaning of section 109(e). In *In re Bay Point Corp.*, 1 B.C.D. 1635 (D.N.J.1975), the court stated that "[t]he concept of liquidation has been variously expressed. The common thread throughout the cases, however, has been ready determination and precision in computation of the amount due." *Id.* at 1639. In *In re King*, 9 B.R. 376 (Bkrtcy.D.Or. 1981), the court held that "a debt is not liquidated if there is a substantial dispute regarding liability or amount." *Id.* at 378. Moreover, in *In re Sylvester*, 19 B.R. 671 (Bkrtcy.App.R. 9th Cir.1982), the court ruled that "contract debts (even though disputed), are considered liquidated and tort claims are not." *Id.* at 673. Finally, in *Denham v. Shellman Grain Elevator, Inc.*, 444 F.2d 1376 (1971), the Court of Appeals for the Fifth Circuit summarized the relevant authorities on this question:

> Examination of all the authorities clearly indicates that the theory on which claims have been held insufficient is that they were open, unliquidated claims (e.g., tort or quantum meruit claims requiring proof as to liability, reasonable value, damages, etc.), which by their very na-

ture are not fixed unless and until juridical award to fix liability and amount [sic].

444 F.2d at 1380 (citing *In re Lawton*, 119 F.Supp. 724, 726 (S.D.W.Va.1954)).

In the case *sub judice*, the debtor-husband has admitted that he misappropriated checks from Keystone (N.T. 2/8/83 at 12). It is also without question the Fidelity paid $217,073.65 to Keystone pursuant to the bond insuring Keystone against those fraudulent acts committed by debtor-husband. The amount of Fidelity's claim is readily ascertainable and, therefore, we conclude that said claim is liquidated within the meaning of section 109(e). We conclude further that whatever defenses the debtor-husband may assert against Fidelity's claim would not affect the liquidated character of said claim. *See In re Sylvester, supra,* at 673; *In re Troyer*, 24 B.R. 727, 731 (Bkrtcy. N.D.Ohio 1982). In light of the foregoing, we find that the debtors have "noncontingent, liquidated, unsecured" debts well in excess of $100,000 and, therefore, we determine the debtors to be ineligible for relief under chapter 13 of the Code. Consequently, we will dismiss the debtors chapter 13 petition.