**In re Catherine M. PENNYPACKER, Debtor.**

**Bankruptcy No. 88–21749T.**

United States Bankruptcy Court, E.D. Pennsylvania.

June 26, 1990.

---

James L. Davis, Paul R. Ober & Associates, Reading, Pa., for debtor.

Frederick L. Reigle, Reading, Pa., Chapter 13 trustee.

Thomas Ross, Philadelphia, Pa., U.S. Trustee.

## OPINION

THOMAS M. TWARDOWSKI, Chief Judge.

Before the court is the chapter 13 trustee's motion to convert this case to chapter 7 pursuant to 11 U.S.C. § 1307 on the ground that debtor is ineligible for relief under chapter 13 because her noncontingent, liquidated, unsecured debts exceed the $100,000.00 limit set forth in 11 U.S.C. § 109(e).[1] As we find that disputed debts of a contractual nature are liquidated and in this case, noncontingent, within the meaning of § 109(e), we grant the chapter 13 trustee's motion to convert.[2]

At the parties' request, no hearing was held on this matter and this case is before us on a stipulated set of facts, which incorporates all documents contained in the official court file of this case, including debtor's schedules. Debtor's schedules list over 450 general, unsecured creditors, who are alleged to be owed $547,108.25.[3] Of this amount, debtor contends that only $89,251.96 represents noncontingent, liquidated, unsecured debt. The remainder of the debts are listed by debtor as contingent and unliquidated because they represent debts which debtor disputes. The only issue before us is whether, as a matter of law, disputed debts of a contractual nature are noncontingent and liquidated within the meaning of 11 U.S.C. § 109(e) so that they must be included in the § 109(e) eligibility calculation. If so, then based upon the stipulated facts, debtor does not qualify for chapter 13 relief. Courts are divided on the answer to this question.

▬ The majority of courts that have considered this issue have held that a debt is liquidated if the amount due can be determined with sufficient precision and that debts of a contractual nature, even though disputed, are liquidated. *See, Craig Corp. v. Albano (In re Albano)*, 55 B.R. 363

---

1. 11 U.S.C. § 109(e) states, in pertinent part:

   § 109. *Who may be a debtor.*

   \* \* \* \* \* \*

   (e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000.00 and noncontingent, liquidated, secured debts of less than $350,000.00, ... may be a debtor under chapter 13 of this title.

   \* \* \* \* \* \*

2. We note that debtor never requested, either informally or by motion, as alternative relief that this case be converted to chapter 11 rather than chapter 7.

3. Debtor also lists $6,057.23 in priority, unsecured debt, which represents amounts owed to various taxing authorities. Debtor does not list this debt as disputed.

(N.D.Ill.1985); *Vaughan v. Central Bank of the South (In re Vaughan)*, 36 B.R. 935 (N.D.Ala.1984); *Matter of Bay Point Corp.*, 1 B.C.D. 1635 (D.N.J.1975); *Sylvester v. Dow Jones and Company, Inc. (In re Sylvester)*, 19 B.R. 671 (9th Cir. BAP 1982); *In re Potenza*, 75 B.R. 17 (Bankr.D. Nev.1987); *In re Furey*, 31 B.R. 495 (Bankr.E.D.Pa.1983). Several of these courts quote the following passage from C.T. McCormick, *Damages*, § 54 p. 213 (1935) to support this conclusion:

A claim is liquidated if the evidence furnishes data which, if believed makes it possible to compute the amount with exactness, without reliance upon opinion or discretion. Examples are claims upon promises to pay a fixed sum, claims for money had and received, claims for money paid out, and claims for goods or services to be paid for at an agreed rate. If the claim is one of the kinds mentioned above, it is still liquidated; by what seems the preferable view, even though it is disputed in whole or in part.

Instantly, debtor does not contest the fact that the disputed debts are contractual in nature. In fact, the stipulation of facts provides that the bulk of the disputed debts represents, in effect, "claims for goods or services to be paid for at an agreed rate."[4] Rather, debtor urges us to adopt the minority view that disputed debts, contractual or otherwise, are unliquidated. *See, Comprehensive Accounting Corporation v. Pearson (Matter of Pearson)*, 773 F.2d 751 (6th Cir.1985); *In re Lambert*, 43 B.R. 913 (Bankr.D.Utah 1984); *In re King*, 9 B.R. 376 (Bankr.D.Or.1981). In *Matter of Pearson, supra*, the Sixth Circuit Court of Appeals held that chapter 13 eligibility should be determined by the debtor's schedules, implying that if the debtor lists the debt as disputed, it should not be included in the § 109(e) calculation unless the debtor filed his schedules in bad faith. The bankruptcy court in *In re Lambert, supra*, held that the court should rely upon the debtor's characterization of a debt in his schedules as disputed, and hence, unliquidated unless it can make an expeditious determination of the dispute. Finally, in *In re King, supra*, the bankruptcy court held that a debt is deemed unliquidated if a substantial dispute exists regarding liability; however, if the dispute involves only the amount of the debt, the debt should be treated as liquidated to the extent admitted by the debtor. This also implies that the bankruptcy court must decide the "dispute" before it can determine whether the debtor qualifies for chapter 13 relief under § 109(e). We reject these approaches because we find that to the extent that they require total reliance by the court upon the debtor's characterization of the debts in his schedules, we do not believe that the debtor should be given unbridled authority to determine his eligibility for chapter 13 relief. This is particularly significant in light of the broad scope of the chapter 13 discharge. Additionally, to the extent that the minority view requires that the court decide the disputed debts before determining whether the debtor qualifies for chapter 13 relief under § 109(e), it imposes impractical burdens upon the court. As the District Court for the Northern District of Alabama stated in *In re Vaughan, supra*, 36 B.R. at 938–939:

Congress sets the limits as to who qualifies to file for bankruptcy under Chapter 13. This Court cannot find in any legislative history where Congress contemplated allowing disputed claims to be ex-

---

4. These debts are owed to individuals and entities ("creditors") who placed goods with Pennypacker Auction Center ("PAC"), which in turn was to sell the goods at auction for the creditors. At the time the goods were entrusted to PAC, each creditor received a receipt which identified the goods and specified the commission which would be charged. After the auction, accounting slips were prepared by PAC for each item auctioned showing the price received and the commission charged. Hence, the amount due each creditor can be determined with sufficient precision and these debts are therefore liquidated under the majority view. We note that debtor has not argued that PAC alone is liable for these debts and therefore, we will not address this issue except to emphasize that a debt is not rendered unliquidated merely because it is disputed, *see discussion, infra,* and a debt is not contingent merely because it is disputed, *see, In re Albano, supra, and discussion, infra,* or because it could be collected from a third party. *Brockenbrough v. Commissioner, Internal Revenue Service*, 61 B.R. 685 (W.D.Va. 1986).

cluded from the calculation of the maximum allowable debt. This Court can only speculate that any such statutory language would cause a flood of 'disputes' over liabilities which, if allowed to translate a claim into an unliquidated claim could utterly thwart the judicial process in bankruptcy proceedings. It is easy to envision debtors regularly using such a 'dispute' technique as a stalling device. If such a device were given judicial recognition it would create havoc. The unscrupulous would file a chapter 13 petition and then 'dispute' the unsecured debts, force the litigation to continue under chapter 13, and then after months of costly delay the bankruptcy court would find that all had been in vain because the 'disputes' were only imagined ...

*See also, In re Albano, supra.*

For these reasons we agree with the views expressed by the majority of courts which have addressed this question, *see discussion, supra,* and hold that a debt is liquidated if the amount due can be determined with sufficient precision and that debts of a contractual nature, even though disputed, are liquidated within the meaning of § 109(e). Accordingly, based upon the stipulated facts, we find that the debts in issue are liquidated.

██ We next turn to the question of whether the debts are noncontingent within the meaning of § 109(e). Debtor appears to argue that all disputed debts are also contingent (i.e., that the two terms are synonymous). We disagree.

A claim is contingent if:
the debt is one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor and if such triggering event or occurrence was one reasonably contemplated by the debtor and creditor at the time the event giving rise to the claim occurred.

*In re All Media Properties, Inc.,* 5 B.R. 126, 133 (Bankr.S.D.Tex.1980), *aff'd,* 646 F.2d 193 (5th Cir.1981). This definition has been widely accepted and cited. *See, Brockenbrough v. Commissioner, Inter-*

nal Revenue Service (*In re Brockenbrough* ), 61 B.R. 685 (W.D.Va.1986); *In re Albano, supra.* As noted by the District Court for the Northern District of Illinois in *In re Albano, supra,* a disputed debt is not necessarily contingent and these two types of debt must be distinguished as follows:

1. Contingent debts (in the sense of dependency on a future event) involve no liability unless the condition precedent (e.g. default by a principal) occurs.
2. Disputed debts involve presumptive liability unless cut off by a condition subsequent (entry of judgment for the debtor).

*In re Albano, supra,* 55 B.R. at 366. Accordingly, we reject debtor's argument that all disputed debts are also contingent.

██ The classic example of a contingent debt is a guaranty because the guarantor has no liability unless and until the principal defaults. *In re Albano, supra; In re All Media Properties, Inc., supra.* Instantly, debtor has not alleged any facts or advanced any argument to support a finding that the debts in issue are contingent within the meaning of § 109(e) and the definitions previously cited. Therefore, we conclude that the debts are noncontingent and, as they are also liquidated, *see discussion, supra,* they must be included in the § 109(e) eligibility calculation. Applying this legal conclusion to the stipulated facts, we find that debtor's noncontingent, liquidated, unsecured debts exceed $100,000.00 and we therefore grant the chapter 13 trustee's motion to convert this case to chapter 7. *See,* 11 U.S.C. §§ 109(e), 1307; *Rudd v. Laughlin,* 866 F.2d 1040 (8th Cir.1989); *In re Tatsis,* 72 B.R. 908 (Bankr.W.D.N.C.1987); *In re Bobroff,* 32 B.R. 933 (Bankr.E.D.Pa.1983).

An appropriate order will follow.