**In re David L. CLAYPOOL and Herta Claypool.**

**In re William M. MARLOW and Meta Marlow.**

**Bankruptcy Nos. 90–12306–AT, 90–12302–AT.**

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

Dec. 31, 1990.

Mitchell Komaroff, Springfield, Va., for debtors.

Gerald M. O'Donnell, Alexandria, Va., Chapter 13 Trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This matter comes before the court on objection by Gerald M. O'Donnell, chapter 13 trustee, to confirmation of the plans in these related chapter 13 cases. A consolidated hearing on the objections was held on December 12, 1990. For the reasons stated below, this court sustains the trustee's objections.

### Facts

The facts are undisputed. The debtors David Claypool and William Marlow conducted business through Marlow and Claypool Construction Co., Inc., a corporation that filed a voluntary chapter 11 bankruptcy petition in this district on August 30, 1990. Both of the present individual chapter 13 cases were filed on September 13, 1990. The debtors listed the following debts:

|  | CLAYPOOL | MARLOW |
| --- | --- | --- |
| Priority | $ 9,796.37 | $ 9,796.37 |
| Secured | $138,100.00 | $ 36,050.00 |
| Unsecured | $266,697.05 | $259,997.05 |

### Trustee's Objections and Debtors' Response

The trustee objects to the chapter 13 plans on the grounds that the plans do not provide for the payment of the priority debt and that the total unsecured debt in each case exceeds the $100,000.00 maximum amount allowed by § 109(e) for chapter 13 debtors.[1] 11 U.S.C. § 109(e) (1990).

The debtors' response to the objection is that the priority debt and the vast majority of the unsecured debt consist of liabilities of Marlow & Claypool Construction Co., Inc., for which Messrs. Claypool and Marlow dispute their personal liability. The debtors argue that the disputed unsecured debts should not be included in calculating their eligibility under § 109(e). If the debts of the corporation are excluded from the aggregate amount of unsecured debt, the amounts would fall well below the $100,000.00 limit.

### Discussion and Conclusions

The debtors' counsel has cited only one decision in support of the proposition that a debtor's liability for corporate debt should be excluded from determining chapter 13 eligibility under § 109(e). Comprehensive Accounting Corporation v. Pearson (In re Pearson), 773 F.2d 751 (6th Cir.1985). Pearson dealt with a claim that was originally scheduled as both secured and unsecured with the amount stated as unknown and in dispute. After the conclusion of a preference adversary proceeding in the case, a mortgage held by the claimant was set aside as a preference. The debtors then amended their schedules to include the creditor as unsecured for an amount above the $100,000.00 limit. The claimant then objected to confirmation, asserting the debtors' chapter 13 ineligibility due to the unsecured claims exceeding the limit. In affirming the bankruptcy and district courts' findings that the § 109(e) requirement was satisfied, the Sixth Circuit Court of Appeals relied on the unsecured amount having been unliquidated as of the time of the filing of the bankruptcy. Id., at 758.

Thus, the issue in Pearson involved an unliquidated claim that later became liquidated. Pearson does not stand for the proposition that a liquidated but disputed claim may be excluded from computation under § 109(e), and it is inapplicable here.[2]

The statute as enacted by Congress mandates that the debts which the debtor

1. § 109(e) provides: **§ 109. Who may be a debtor** ... **(e)** Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 may be a debtor under chapter 13 of this title.

2. There is some disagreement as to whether a disputed claim can be liquidated. This court interprets "liquidated" in § 109(e) to mean a debt that is certain as to amount, regardless of whether the debtor disputes ultimate liability.

may exclude from computation of the § 109(e) eligibility are contingent and unliquidated debts. The statute does not exclude disputed debts. Here, the debtor listed specific amounts for each of the corporate debts and disputed liability on them. None of those claims appear to be unliquidated or contingent. A liquidated, noncontingent claim whose validity is in dispute must nevertheless be included in determining eligibility under § 109(e). *See, e.g., Sylvester v. Dow Jones and Company, Inc. (In re Sylvester)*, 19 B.R. 671 (9th Cir.B.A.P.1982); *In re Pulliam*, 90 B.R. 241 (Bankr.N.D.Tex.1988); *In re Crescenzi*, 69 B.R. 64, 66 (S.D.N.Y.1986); *Craig Corp. v. Albano (In re Albano)*, 55 B.R. 363, 368 (D.D.C.1985). *But see In re Lambert*, 43 B.R. 913 (Bankr.D.Ut.1984). To hold otherwise would allow debtors to bootstrap themselves into chapter 13 eligibility simply by disputing liability on the requisite amount of their claims. *See Vaughan v. Central Bank of the South (In re Vaughan)*, 36 B.R. 935, 939 (N.D.Ala.1984).

The debtors are ineligible to proceed under chapter 13, and the trustee's objection to their chapter 13 plans is sustained. Separate orders will be entered.

Thus, a disputed claim may nevertheless be liquidated. *See Sylvester v. Dow Jones and Company, Inc. (In re Sylvester)*, 19 B.R. 671, 672–73 (9th Cir.BAP 1982) ("[T]he words *disputed, contingent,* and *unliquidated* have different meanings.") (emphasis in original); *In re Pulliam*, 90 B.R. 241, 246 (Bankr.N.D.Tex.1988) ("The existence of a dispute over part or all of a debt does not convert the debt from a liquidated one to an unliquidated one."); *Vaughan v. Central Bank of the South (In re Vaughan)*, 36 B.R. 935, 938 (N.D.Ala.1984), *aff'd,* 741 F.2d 1383 (11th Cir. 1984) ("The terms ['disputed' and 'unliquidated'] are separate and distinct."). *But see In re Lambert*, 43 B.R. 913, 921 (Bankr.D.Ut.1984) ("[A] liquidated debt is one that is certain both as to amount *and liability.*") (emphasis added).