**In re SUNDOWN ASSOCIATES,
Alleged Debtor.**

**Bankruptcy No. 92–13058–T.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Aug. 18, 1992.

Michael H. Ditton, Dunnells, Duvall & Porter, Washington, D.C., for debtor.

Jason P. Green, Silverstein and Mullins, Washington, D.C., for Almist, Inc.

H. Mark Goetzman, Eskovitz, Lazarus, Pitrelli & Cregger, Vienna, VA, for Continental Federal Sav. Bank.

Jonathan W. Lipshie, Colton and Boykin, Washington, D.C., for Resolution Trust Corp. as Receiver for Perpetual Sav. Bank, F.S.B.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This is an involuntary chapter 11 case filed by Almist, Inc., against Sundown Associates. Counsel for Sundown filed a motion to dismiss the petition. Hearing on the dismissal motion was held on August 12, 1992.

This memorandum opinion supplements the court's bench ruling granting the motion to dismiss, but with leave for Almist to amend the petition.

### Facts

The debtor is the owner of an apartment complex in Fairfax County, Virginia. Almist holds a nonrecourse note secured by a second deed of trust against the realty. A first deed of trust is held by Continental Federal Savings Bank. Continental Federal, whose note is in default, had scheduled a foreclosure sale of the realty on June 19, 1992.

Almist filed an involuntary petition against Sundown under chapter 11 of the Bankruptcy Code in this district on June 18, 1992. By allegations of special circumstances and fraud attached to the petition Almist claims that it holds two notes which are secured by a nonrecourse deed of trust on all of Sundown's property. Almist alleges that the balance owed on the notes is approximately $387,000.00 and that its claim exceeds the value of its security by more than $5,000.00.

MOTION TO DISMISS.

Sundown moves to dismiss the case on the following grounds:

1. Under Sundown's promissory note, the noteholder Almist has waived any claim against Sundown other than from the proceeds of sale of the property. Since Almist's claim under the note and deed of trust is without recourse as to the debtor, Almist does not qualify as the holder of an unsecured claim *against* Sundown who may file an involuntary petition under 11 U.S.C. § 303(b).

2. Sundown has more than 12 creditors. Therefore, 11 U.S.C. § 303(b)(1) precludes filing of an involuntary petition by a single claim holder but rather requires filing by three or more claimants.

### Discussion And Conclusions

The issues here arise under the following provisions of Code § 303:

(b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—

(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute, ... if such claims aggregate at least $5,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

(2) if there are fewer than 12 such holders, ... by one or more of such holders that hold in the aggregate at least $5,000 of such claims;

11 U.S.C. § 303(b)(1), (2).

Code § 101(5) defines a claim as follows:

(5) "claim" means—

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured;

11 U.S.C. § 101(5).

Code § 102, which provides rules of construction for use under the bankruptcy code, contains the following:

(2) "claim against the debtor" includes claim against property of the debtor;

11 U.S.C. § 102(2).

■ The motion to dismiss should not be granted unless it appears to a certainty that Almist would be entitled to no relief under any circumstances. *Rogers v. Jefferson Pilot Life Insurance Co.*, 883 F.2d 324, 325 (4th Cir.1989).

## NONRECOURSE CLAIM.

This case presents somewhat of an anomaly. Depending upon the total number of creditors, an involuntary bankruptcy petition under § 303 must be filed by one or more creditors of the alleged debtor who have *unsecured* claims of at least $5,000.00. The petitioner in this case appears to have an undersecured claim under a note secured by a deed of trust against the alleged debtor's realty. However, by terms of the note, petitioner relinquished its right to any claim other than from the proceeds of sale of the property. Is this creditor thereby precluded from being an involuntary petitioner under § 303?

Sundown's argument at hearing was that both the nonrecourse and the secured nature of Almist's claim prevent Almist from filing the involuntary bankruptcy petition. Almist responded that (1) the holder of an unsecured nonrecourse claim may file an involuntary petition, and (2) it is willing to waive that portion of its secured claim necessary to meet the $5,000.00 monetary requirement of § 303(b). For both propositions, Almist relies upon *Carteret Savings Bank, F.A. v. Nastasi–White, Inc. (Matter of East–West Associates)*, 106 B.R. 767 (S.D.N.Y.1989).

In *East–West*, an involuntary petition had been filed by the holder of a nonrecourse mechanics lien who had waived

$5,000.00 of its security for the purpose of meeting the monetary requirement of § 303(b). The district court rejected the alleged debtor's argument that the holder of a nonrecourse mechanics lien claim was not the holder of a claim *against* the debtor for purposes of § 303(b).

Also persuasive of this result, though in a different context, is the recent decision of the Supreme Court on the so called "chapter 20" issue, *Johnson v. Home State Bank,* —— U.S. ——, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). In *Johnson,* the Court considered whether the holder of a mortgage lien whose personal claim against the chapter 13 debtor had been discharged in a prior chapter 7 case held a "claim" against the debtor for purposes of § 101(5). In holding that the mortgagee held a claim against the debtor in spite of the debtor's lack of personal liability, the court made clear that Congress intended in § 101(5) "to adopt the broadest available definition of 'claim'." At ——, 111 S.Ct. at 2154. The court also observed:

> A fair reading of § 102(2) is that a creditor who, like the Bank in this case, has a claim enforceable only against the debtor's property nonetheless has a "claim against the debtor" for purposes of the Code.

At ——, 111 S.Ct. at 2155.

■ I conclude from these authorities that the nonrecourse nature of Almist's claim, in itself, is not a basis to grant the motion to dismiss the petition provided Almist waives a requisite portion of its secured claim. Almist will be given leave, if it chooses to amend the petition, to waive a portion of its secured claim so as to meet the unsecured claimant requirement.[1]

## MULTIPLE CREDITORS.

■ Sundown's alternative argument in support of dismissal is that it has more than 12 creditors, and therefore the petition must be filed by three or more claim hold-ers. 11 U.S.C. § 303(b)(1). In support of this position, Sundown asserts that all of its apartment tenants are unsecured creditors by virtue of their security deposits held by Sundown.

The issue here becomes whether the tenants' claims to recover their security deposits upon lease termination represent contingent liability of Sundown; if so then the tenants cannot be considered as claim holders under § 303(b).

A contingent claim is defined:

> [T]he debt is one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor and if such triggering event or occurrence was one reasonably contemplated by the debtor and creditor at the time the event giving rise to the claim occurred.

*In re Pennypacker,* 115 B.R. 504, 507 (Bankr.E.D.Pa.1990) (citations omitted).

Although the landlord Sundown's liability to repay the tenants' security deposits may be conditional upon the termination of leases, this does not make the liability contingent. The amounts are in fact fixed by the lease contracts even though the amount due each tenant may be subject to a readily ascertainable adjustment. In this respect Sundown's liability to its tenants is liquidated. *Pennypacker,* 115 B.R. at 506–07.

Since the court finds that Sundown has more than the requisite 12 creditors, an involuntary petition will require a petition brought by at least three holders of noncontingent, unsecured claims.

The court will grant the motion to dismiss but with leave for Almist to amend the petition in compliance with the views expressed in this opinion.

A separate order has been entered.

---

1. The court's conclusion presupposes that Almist in fact has a partially secured claim of at least $5,000.00. As stated previously, Almist alleged in the petition that its claim is undersecured as to Sundown's realty under 11 U.S.C. § 506(a) by more than $5,000.00. Ordinarily this allegation would be a sufficient basis to deny Sundown's dismissal motion on this point. L. King, 2 *Collier On Bankruptcy* (15th Ed.), ¶ 303.08[5]. However, given the facts of this case a specific waiver of a secured portion of the claim seems called for.