In re Ernest F. LEWIS, aka/dba FTA College Park Auto, Debtor.

Bankruptcy No. 93–22160–B.

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Aug. 9, 1993.

Jonathan Hauser, Virginia Beach, VA, for Tidewater Floor Plan Corp., Heritage Motor Co., Inc.

Steven L. Brown, Norflok, VA, for Ernest F. Lewis.

## OPINION AND ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

While a complex case relative to both facts and the law, a single issue arises and is dispositive and we should not borrow legal issues as some do thereby turning another tree into another published legal volume.[1] Here we have the threshold jurisdiction Chapter 13 issue of 11 U.S.C. 109(e): do the unsecured debts total $100,000 or more? Why an opinion, then, at all? The advice of an appeal.

The debtor, Ernest Lewis, and Calvin Breit were 50% owners of Heritage Motor Company, Inc. The plaintiff, Tidewater Floor Plan Corporation, "floor planned" the purchase of motor vehicles for Heritage. Clearly, Tidewater had a security interest in and retained title to the vehicles until sold and Tidewater paid. It is not disputed

that Lewis, the sole operating officer of Heritage, sold numerous vehicles out of trust, failing to satisfy the liens on the vehicles. In State Court one action was filed against Lewis on behalf of determined, Lewis filed his petition in bankruptcy and Tidewater and Heritage filed an objection to the confirmation of Lewis' chapter 13 plan.

The objectors—plaintiffs argue that Lewis' unsecured debts equal and exceed $100,000; therefore, pursuant to § 109(e) he is ineligible for Chapter 13 relief.

At the time of filing this case, $30,000 in unsecured debt from Lewis to the plaintiffs is acknowledged by the debtor pursuant to the unsecured line of credit note, Plaintiff's Exhibit 3, for $60,000 of which Lewis is obligated for one-half. The Court takes judicial notice of unsecured debts of Lewis as listed in the bankruptcy petition at Schedule F—Creditors Holding Unsecured Non–Priority Claims—in the sum of $23,142.80. [This is the $53,142.80 scheduled minus the $30,000 noted and acknowledged above.]

That totals $53,142.80 which is obviously not $100,000. Anything more?

■ Plaintiff's Exhibit 2 is a list of all vehicles in the business. Those noted "OT" denotes the vehicles sold out-of-trust. This exhibit, this evidence, is not disputed. These total $87,815 at "vehicle cost" without regard to profit. This represents the funds advanced by Tidewater for the purchase of these vehicles.

| | |
|---|---|
| $ 30,000.00 | under the line of credit note (unsecured). |
| 23,142.80 | unsecured debts |
| 87,815.00 | funds spent out-of-trust (unsecured). |
| $140,957.80 | Total |

---

1. We were taught early on by a Spring 1974 directive of the Judicial Conference of the United States: "Written opinions should be reduced in instances in which no important legal precedent was being set." Figuratively, some don't recess court without a written opinion. Others, with a case filing of less than 2,000, thrive on theory and opinions. Their erudition is a luxury most of us have never enjoyed.

§ 109(e), in establishing the debt limitations for pursuing a Chapter 13, speaks of "noncontingent, liquidated, unsecured debts." The debtor says the debt is contingent and unliquidated.

Nay, not so.

A contingent debt is one that the debtor will be called upon to pay only upon the occurrence of "an extrinsic event" which will trigger liability. There is no contingency here; the debtor admits using the funds out-of-trust. If the sum is certain, the debt is there and reducing it to judgment or nondischargeable status does not make it contingent. *Brockenbrough v. Commissioner, I.R.S.,* 61 B.R. 685 (W.D.Va.1986); *In re Sundown Associates,* 150 B.R. 156 (Bkrtcy.E.D.Va.1992).

A liquidated debt is certain as to amount. *In re Claypool, et al.,* 142 B.R. 753 (BkrtcyE.D.Va.1990). Instantly, we have but to turn to Exhibit 2 where the amounts are set forth car by car.

Since the debtor cannot meet the jurisdictional threshold test of § 109(e), confirmation is denied and the case is hereby dismissed. All other proceedings are moot.

The Clerk will send a copy of this Opinion and Order to the debtor, counsel for the debtor, counsel for plaintiffs and the U.S. Trustee.

IT IS SO ORDERED.