**In re Chukwuemeka Moses EKEKE, and Gloria Ekeke, Debtors.**

**Bankruptcy No. 95–48112–399.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

June 14, 1996.

Charles Smith, Harold Dorsey, Clayton, MO, for debtors.

John V. LaBarge, Jr., Standing Chapter 13 Trustee, St. Louis, MO.

Rachel Wollitzer, U.S. Department of Justice, Tax Division, Washington, DC.

Thomas Pliske, Special Asst. U.S. Attorney, St. Louis, MO.

## MEMORANDUM OPINION AND ORDER

BARRY S. SCHERMER, Bankruptcy Judge.

### INTRODUCTION

The Internal Revenue Service's Motion to Dismiss presents the issue of whether its disputed claim may be included in calculating the debt limits for a Chapter 13 debtor under 11 U.S.C. § 109(e).[1] The Court holds that the disputed claim may be computed in determining § 109(e) eligibility.

### JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334 and Local Rule 9.01(B) of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" which the Court may hear and enter appropriate judgements pursuant to 28 U.S.C. § 157(b)(2)(A).

### STATEMENT OF FACTS

Chukwuemeka and Gloria Ekeke (the "Debtors") filed a Chapter 13 petition on December 28, 1995. The Internal Revenue Service ("IRS") filed a Proof of Claim in the amount of $338,534.85.[2] The IRS also moved

---

1. The Bankruptcy Code is 11 U.S.C. §§ 101–1330. All future references are to Title 11 unless otherwise indicated.

2. The IRS tax claim is based on the Debtors' income for the years 1987–1993. The total IRS

to dismiss debtor's case for lack of jurisdiction claiming that debts exceed the § 109(e) debt limit of $250,000 unsecured debt for a Chapter 13 debtor.

Debtors objected to the IRS claim contending that the claim should be denied as filed and allowed only in the amount of $3,000 unsecured. Debtor stated that the debts were part of a prior Chapter 7 filing; that the debts were discharged; and that the IRS did not object to their discharge.[3] The IRS filed a timely Response to Debtors' Objection to Claim.[4]

A hearing was held on the IRS motion to dismiss, and Mr. David Forys, an advisor from the IRS Special Procedure Section, testified as to the foundation for the IRS Proof of Claim by explaining transcripts of Debtor's tax liability. Specifically, Mr. Forys testified that the source of all numbers used by the IRS was tax returns prepared by the Debtor.[5]

The IRS contends that disputed debts are not excluded from the debt limitation and that Debtors' objection to claim is irrelevant to the § 109(e) analysis. Debtor maintains that the motion to dismiss cannot properly be decided before a hearing is held on the objection to claim.

### DISCUSSION

Section 109(e) limits the availability of Chapter 13 relief:

"Only an individual ... or an individual with regular income and such individual's spouse ... that owe, on the date of the filing of the petition, *noncontingent, liquidated,* unsecured debts that aggregate less than $250,000 and noncontingent, liquidated, secured debts of less than $750,000 may be a debtor under chapter 13 of this Title" (emphasis added).

For the following reasons, the Court agrees with the IRS and concludes that Debtor's objection to IRS's claim is irrelevant to the § 109(e) analysis in this case.

### I. Non–Contingent

Under § 109(e), a contingent debt is one that "depends on a future event that may not even occur, to fix either its existence or its amount." *In re Knight,* 55 F.3d 231, 236 (7th Cir.1995). A debtor's obligation to the IRS for unpaid federal income tax, having arisen upon his failure to pay such taxes on their due dates, is noncontingent. *In re Brockenbrough,* 61 B.R. 685, 686–87 (Bankr. W.D.Va.1986).

IRS correctly underscores that its claim against the Debtors is noncontingent because all events upon which the claim is premised (namely, failure to pay federal income tax) have occurred prior to the filing date. More importantly, Debtor failed to present evidence or authority that the debts are, in any way, noncontingent. Accordingly, the Court finds that the debt owed by the Debtors to the IRS is "noncontingent" within § 109(e).

### II. Liquidated

In addition to being noncontingent, the debt must also be "liquidated." A claim is liquidated "if the amount of the claim has been ascertained or can be readily calculated ... whether contested or not." *In matter of Knight,* 55 F.3d 231, 235 *quoting* Norton, *Bankruptcy Law & Practice,* § 18:12 at 18–48. Debtor argues that because the debts which the IRS claims are disputed, they are not "liquidated" for § 109(e) purposes but cites no authority for their position.

The majority approach includes disputed claims in the debt limit calculation of § 109(e). *See e.g. Matter of Knight,* 55 F.3d 231, 235 n. 4 (7th Cir.1995); *In re Sylvester,* 19 B.R. 671 (9th Cir. BAP 1982); *In re*

claim for these years is $243,526.69 unsecured, non-priority debt and $95,008.16 unsecured, priority debt.

3. Debtors previously filed a Chapter 7 bankruptcy petition in this Court on August 16, 1995. A discharge was entered on November 29, 1995. Case No. 95–44774–293. The Debtors' current Chapter 13 petition was filed two (2) weeks later.

4. Debtors subsequently filed a Motion in Support of Objection requesting the Court grant their

objection to claim because the IRS allegedly did not promptly set the objection for hearing as required by Local Rule 13–12. At the June 7, 1996 hearing on the IRS motion to Dismiss, the Court declined to grant Debtor's relief on this ground.

5. The Court notes that one exception is an additional tax assessed by the IRS on July 13, 1992 after an examination.

*Madison,* 168 B.R. 986, 989 (D.Hawaii 1994); *In re Jordan,* 166 B.R. 201, 202 (Bankr. D.Me.1994); *In re Albano,* 55 B.R. 363, 368 (N.D.Ill.1985). The court agrees with this position.

Congress made no requirement that a claim be undisputed to be included in § 109(e). The Court presumes this omission was deliberate since Congress included requirements elsewhere in the Code that debts not be disputed. *See* § 303(b)(1) (requiring three or more petitioning entities, "each of which is either a holder if a claim against such person that is not contingent as to liability or the *subject matter of a bona fide dispute ...*" for the commencement of an involuntary case) (emphasis added).

Excluding disputed debts from § 109(e) computation would invite an otherwise ineligible debtor to dispute every unsecured claim merely to satisfy § 109(e) eligibility. *See In re Claypool,* 142 B.R. 753, 755 (Bankr. E.D.Va.1990); *Matter of Vaughan,* 36 B.R. 935, 939 (N.D.Ala.1984) *aff'd* 741 F.2d 1383; *In re Pennypacker,* 115 B.R. 504 (Bankr. E.D.Pa.1990).

At the hearing, the Court requested the IRS make a prima facie showing as to the amount of its claim. The IRS made such a prima facie showing through the testimony of Mr. Forys. Mr. Forys testified that Debtors' tax liability was calculated from their tax returns. Cross examination did not rebut this showing. Accordingly, the court concludes that the IRS has made a prima facie showing of its Proof of Claim and that such claim is "liquidated" as that term is used in § 109(e).

The Court notes that some cases have held that where bona fide and substantial disputes remained over liability or amount, debts were not liquidated. *In re King,* 9 B.R. 376 (Bankr.D.Or.1981) ("It would appear from [various authorities] that a debt is not liquidated if there is a substantial dispute regarding liability or amount."); *In re Lambert,* 43 B.R. 913, 921 ("This court holds that a debt cannot be certain to the extent there is a bona fide dispute as to its amount or as to

the underlying liability of the debtor to pay the debt."). This Court acknowledges this line of cases yet, neither the liability nor the amount of the debts in the present case is the subject of a substantial or bona fide dispute. Neither Debtors' cross examination or argument did anything to counter Mr. Forys's testimony. Labeling a debt as disputed does not make it the subject of a bona fide dispute when the debt is originally calculated under penalty of perjury by the Debtors in their income tax forms.

### III. Effect of the Chapter 7 Discharge

■ Lastly, Debtor argues that the Chapter 7 bankruptcy discharged tax liability for certain years.

Section 523(c)(1) provides:

... [T]he Debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6) or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6) or (15), as the case may be, of subsection (a) of this section.

Accordingly, the Debtors must have taken an affirmative step in the Chapter 7 case to discharge the debt owed to the IRS.[6] After careful review of the Debtors' Chapter 7 case, the Court concludes that the Debtors did not seek a discharge under § 523(a)(1).

Section 523(a)(1)(A) excepts from a Chapter 7 discharge any debt from a tax "of the kind and for the periods specified in ... § 507(a)(8)." Section 507(a)(8) provides a priority to:

"allowed unsecured claims of governmental units; only to the extent that such claims are for—(A) a tax on or measured by income ...—(I) for a taxable year ending on or before the date of the filing of a petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition."

---

**6.** The Court notes that Schedule F in Debtor's Chapter 7 case listed the debt to the IRS at

$281,302.34.

Accordingly, § 523(a)(1)(A) excepts from discharge taxes from the three (3) years preceding the filing of the petition. Applying the statute to the Debtors' Chapter 7 case, the tax years 1991, 1992, 1993 are not discharged. According to the IRS Proof of Claim, the liability for these years is $95,008.16.[7]

█ The balance of the IRS claim of $243,526.69 includes taxes from 1987 through 1990. The IRS contends these debts are nondischargeable under § 523(a)(1)(C) which excepts from a Chapter 7 discharge debt for a tax "with respect to which the debtor ... willfully attempts in any manner to evade or defeat such tax." Debtor vigorously disputes these accusations, yet they have never sought determination that this liability was discharged. Thus, the IRS claim is disputed but neither discharged under § 523(a)(1) or unliquidated. Accordingly, the tax liabilities from 1987 through 1990 are included in the § 109(e) computation.

## CONCLUSION

Accordingly, the Motion of the Internal Revenue Service to Dismiss is **GRANTED** and the debtor's case is **DISMISSED.**

**7.** The taxes from 1991 are not on their face discharged because of the previous bankruptcy.