In re Gerald PAMBIANCO and
Janet Pambianco, Debtors.

**COMMONWEALTH BANK, A DIVISION
OF MERIDIAN BANK, Movant,**

v.

**Gerald PAMBIANCO and Janet
Pambianco, Respondent.**

**Bankruptcy No. 5–95–00719.**

United States Bankruptcy Court,
M.D. Pennsylvania.

Dec. 16, 1996.

John Doran, Wilkes–Barre, PA, for Debtors/Respondents.

Shawn Quinnan, Forty Fort, PA, for Movant.

### *OPINION AND ORDER* [1]

JOHN J. THOMAS, Bankruptcy Judge.

Before the court is an objection of Commonwealth Bank, a division of Meridian Bank, to the Debtors' Motion to Convert the

above-captioned Chapter 11 case to one under Chapter 13. The primary issue concerns the eligibility of these Debtors to file a Chapter 13 case and, in particular, whether the Debtors' exceed the dollar limits found in 11 U.S.C. § 109. More precisely, the dispute concerns the characterization of a debt under an agreement of sale dated August 24, 1992 between the Debtors and Eli F. Burke and Linda J. Burke, his wife. That agreement of sale was for businesses designated as Parry & Company, Inc. and Roofers Wholesale Supply, Inc. On the same date, the Debtors executed a promissory installment note in the total amount of Five Hundred Thousand Dollars ($500,000.00) in favor of Eli and Linda Burke. The note called for monthly installments of Four Thousand One Hundred Sixty–Six and 66/100 Dollars ($4,166.66) per month with the first installment to be payable on August 24, 1997. Thereafter, in a need to raise cash for the business, Parry & Company, Inc. made application to Commonwealth Bank (hereinafter "Bank") for a loan and a line of credit. By letter dated February 18, 1993, a copy of which is attached to the Brief in Support of the Objection to Conversion, the Bank agreed to make the loan and extend a line of credit under the terms and conditions contained therein. Paragraph L.3(a) and (b) of the Commitment Letter reads as follows:

> L. As condition for Bank to lend to Borrower the following loans and indebtedness shall be subordinate to the Bank's Loans:
>
> 3) Loan Payable to Eli and Linda Burke for $500,000.00 payable 5 years from date of sale, this loan shall be reviewed upon 5 year anniversary and repayment will be allowed only if the following criteria are met:
>
> (a) Combined cash flow coverage of Parry & Company & Roofers Wholesale, Inc. including repayment on $500,000.00 note of 1.25x (cash flow coverage as defined in paragraph K(s).
>
> (b) Line of Credit is zeroed out/cleaned up for required 30 day period.

It is on the basis of this language that the Debtors argue that the liquidated amount of

---

1. Drafted with the assistance of Richard P. Rogers, Law Clerk.

the promissory note became contingent and, therefore, cannot be used in the calculation as to the debt limits as contained in 11 U.S.C. § 109.

This February 18, 1993 Commitment Letter was copied to Eli and Linda Burke. The brief filed by the Debtors in opposition to the objection indicates that Michael Vough, Esquire, represented the purchasers as well as the Burkes in this transaction. This was evidenced by an Opinion Letter of Borrowers' and Sureties Counsel dated June 29, 1993, a copy of which was indicated to be attached as an Exhibit A to the brief. The court has reviewed the record and that letter was not submitted as an exhibit to the court.

The court has also reviewed the letter of credit and has determined that it provides no terms or conditions calling for the consent to those terms and conditions by the Burkes. The brief submitted by the Debtors at page 3 provides that "It is presumed that Commonwealth Bank will not dispute the fact that the Burkes consented to the terms and conditions of the Commitment Letter of February 18, 1993, otherwise the loan closing would not have taken place." Based upon the record, the court does not have sufficient information to adopt that presumption. Furthermore, based upon the record before the court, it cannot harmonize the terms of the Commitment Letter with the loan agreement ultimately entered into between the Debtors and the Bank because the loan agreement was neither attached as an exhibit nor referenced in the record before the court.

The Debtors provided the court with the following definition of a contingent claim as provided by the court in *In re Pennypacker*, 115 B.R. 504, 507 (Bankr.E.D.Pa.1990):

A claim is contingent if:

the debt is one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor and if such triggering event or occurrence was one reasonably contemplated by the debtor and creditor at the time the event giving rise to the claim occurred. *Citing In re All Media Properties, Inc.*, 5 B.R. 126, 133 (Bankr.

S.D.Tex.1980) *aff'd,* 646 F.2d 193 (5th Cir. 1981).

The argument made by the Debtors is, to say the least, convenient and certainly not supported by the record. Here, the Debtors argue that a debt between them and the Burkes has become contingent based upon an agreement between the Debtors and the Bank. The Burkes might argue otherwise.

The court further finds that the amount of debt at issue can be easily determined and is, therefore, liquidated. *In re Pennypacker*, 115 B.R. 504 (Bankr.E.D.Pa.1990). Whether the debt is secured or unsecured was not at issue.

Based upon the record as presented by the parties and a review of the documents in support, the court hereby finds that the debt to the Burkes is both liquidated and noncontingent and shall be considered in establishing the debt limitations imposed on these debtors under 11 U.S.C. § 109 and their eligibility to file a Chapter 13 case.

For the above reasons, the court will sustain the objections of the Bank to the request for conversion of the case from Chapter 11 to Chapter 13.