**In re Russell Lee HARBAUGH and Elizabeth Catherine Harbaugh, aka Beth M. Hadfield, Debtors.**

**Bankruptcy No. 91–04028–13.**

United States Bankruptcy Court, D. Idaho.

March 24, 1993.

---

Randal J. French, Bauer & French, Boise, ID, for debtors.

Janice D. Newell, Sp. Asst. U.S. Atty., Boise, ID, for I.R.S.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

The Internal Revenue Service of the United States moves to dismiss this chapter 13 petition. Russell and Elizabeth Harbaugh, the debtors, ("debtors"), oppose the motion.

This case is the debtors' second filing in this Court. Debtors had filed a chapter 13 petition on March 9, 1987. The plan was confirmed in that case, but debtors elected to convert to chapter 7 on April 2, 1991. Debtors were discharged under chapter 7 on July 29, 1991, and the case was closed on July 31, 1991.

On December 20, 1991, debtors filed the present chapter 13 petition.

The United States contends the debtors do not meet the eligibility requirements for chapter 13. Specifically, the United States contends the debtors have more than $100,000 in unsecured, noncontingent, liquidated debt, and thus fail to meet the eligibility of section 109(e).[1]

The United States has filed a proof of claim against the debtors for $134,917.63. The vast majority of this debt is comprised of federal payroll taxes and penalties owed the Internal Revenue Service. Of this amount, the United States contends $11,700 is secured,[2] leaving an unsecured claim of $123,217.63. Debtors contest the existence and amount of much of this tax liability.

The first requirement for an unsecured debt to be included in the eligibility calculation is that the debt must be noncontingent. "A debt is noncontingent if all events giving rise to liability occurred prior to the filing of the bankruptcy petition." *Loya v. Rapp (In re Loya)*, 123 B.R. 338, 340 (9th Cir.B.A.P.1991). The debtors do not contend their liability for the taxes is contingent on some future event, and the first requirement of the test is met.

■ The second requirement for an unsecured debt to be included in the calculation for eligibility is that the debt must be liquidated. "Liquidation" turns not upon whether the claim is disputed, but rather whether the claim is capable of "ready determination." *Loya, supra,* 123 B.R. at 340–41. In turn,

> "[t]he definition of 'ready determination' turns on the distinction between a simple hearing to determine the amount of a certain debt, and an extensive and contested evidentiary hearing in which substantial evidence may be necessary to establish amounts or liability."

*Loya, supra,* 123 B.R. at 341 (quoting *In re Wenberg*, 94 B.R. 631, 634 (9th Cir. B.A.P.1988), *aff'd*, 902 F.2d 768 (9th Cir. 1990)).

Debtors challenge four amounts claimed by the United States in its proof of claim.[3] First, debtors argue the claim wrongfully includes tax penalties and interest on those

---

1. Section 109(e) provides in part:
   Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 ... may be a debtor under chapter 13 of this title.
   11 U.S.C. § 109(e).

2. This $11,700 in security allegedly consists of otherwise unencumbered property of the debt-

ors. With regard to the accuracy of this figure, see discussion *infra.*

3. These arguments have been compiled from both the debtors' memorandum in opposition to the United States motion, as well as from the debtors' objection to the United States' proof of claim filed last year.

**56**

penalties, when those penalties were discharged in chapter 7. The crux of the debtors' argument is that the proper date for the three-year computation is the date of conversion of the chapter 13 bankruptcy to chapter 7; this would exclude all penalties arising more than three years before April 2, 1991. Debtors apparently concede that these penalties are otherwise nondischargeable.

■ Section 523(a)(7) provides tax penalties are not dischargeable, unless they were "imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition."[4] Where a case has been converted from one chapter to another, section 348 provides that the conversion does not affect the date of the filing of the petition.[5] Accordingly, debtors' contention the three-year reachback period is calculated from the date of conversion is incorrect. Section 523 renders nondischargeable all penalties incurred within three years of the date chapter 13 was filed; namely, March 9, 1987. These penalties were not discharged in the debtors' chapter 7, and are noncontingent and liquidated for the purpose of section 109(e).

Debtors' next contend the United States has miscalculated the total amount of the debtors' tax liability. In support debtors have provided copies of their tax returns for several years. Where the United States asserts a total tax liability for the involved transactions of $30,598.62, debtors contend their actual tax liability was only $18,584.05.

■ Determination of how much the debtor owes in taxes on these transactions cannot be made without an evidentiary hearing. Therefore, only the amount of taxes for which the debtors admit they are liable is considered. *See In re Hustwaite*, 136 B.R. 853, 855 (Bankr.D.Or.1991) (debts are liquidated in at least the amount admitted by the debtor). The amount of $12,-014.57, representing $30,598.62 of the amount asserted by the United States minus $18,584.05 of that amount admitted by the debtor, must therefore be deducted from the amount asserted in the United States' proof of claim.

Debtors' third challenge is to the computation of interest by the United States. On several tax returns covered by the proof of claim, the United States asserts interest in the amount of $13,149.37. Debtors calculate this interest liability as $6,591.37. Absent submission of evidence as to the manner in which the United States calculated this amount, it cannot be determined whether the amount of interest is liquidated. The amount of $6,558.00, representing $13,149.37 of the amount asserted by the United States minus $6,591.37 of that amount admitted by the debtor, will thus be deducted from the amount asserted in the United States' proof of claim for purposes of the motion.

Debtors' fourth and final challenge to the amount of the United States' claim involves credits for prior payments. Debtors assert they paid $20,833.78 to the United States for unsecured priority claims in their prior case, but the United States only credited the debtors with payment of $17,-941.98. Determination of this issue would

---

4. Section 523(a)(7) provides in part:
   (a) A discharge under section 727, 1141,, [sic] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
   \* \* \* \* \* \*
   (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—
   \* \* \* \* \* \*
   (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition; ....

11 U.S.C. § 523(a)(7)(B).

5. Section 348 provides:
   (a) Conversion of a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

11 U.S.C. § 348(a). Neither of the two exceptions are applicable here. *See* 11 U.S.C. § 348(b), (c).

require an evidentiary hearing. Again, the difference between the two figures must be treated as unliquidated, and $2,891.80 must be deducted from the amount asserted in the United States' proof of claim.

The amount of noncontingent, liquidated, unsecured debt owed by the debtors is thus $123,217.63, minus $12,014.57 for unliquidated taxes, minus $6,558.00 for unliquidated interest, minus $2,891.80 for unliquidated prior payments, or $101,753.26.

This amount assumes the United States' computation of the amount of unsecured debt is correct. The record presents substantial reason to question that assumption. The United States alleges in its memorandum the debtors have $11,700 in otherwise unencumbered property. The debtors' schedule summary, which the United States submitted in support of this contention, shows the amount of unencumbered property to be $12,210. The debtors' schedules themselves contain various inconsistencies that could affect the validity of the latter figure; however, all of these inconsistencies would either decrease the amount of unencumbered property, or increase the amount of unsecured debt. On the face of the debtors' schedules, no calculation of the nature and extent of the debtors' unencumbered property would exceed this $12,210. The amount of $510 is thus deducted from the United States' claim (representing the difference between the $11,700 already deducted from the United States' claim, and the $12,210 that is the best possible figure determinable from the debtors' schedules).

The result of this final deduction is an unsecured, noncontingent, liquidated debt of $101,243.26. It is thus found the debtors do not meet the eligibility requirements for chapter 13, and it is further concluded the case is required to be dismissed.

A separate order will be entered.