**In re John P. SIVERTSEN and Ruth A. Sivertsen, Debtors.**

**Bankruptcy No. 93 B 52293.**

United States Bankruptcy Court, N.D. Illinois, Western Division.

Dec. 27, 1994.

Mary P. Gorman, Rockford, IL, for trustee.

Harvey A. Meyers, Marengo, IL, for debtors.

Samuel D. Brooks, Washington, DC, for IRS (U.S.A.).

*MEMORANDUM OPINION AND ORDER*

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Motion of the Chapter 13 Trustee, James E. Kohlhorst, to Dismiss the above-captioned Chapter 13 case, pursuant to the provisions of Bankruptcy Code Section 109(e). The Trustee is represented by Attorney Mary P. Gorman. The Debtors are represented by Attorney Harvey A. Meyers. The IRS (U.S.A.) is represented by Attorney Samuel D. Brooks.

The question is whether the Debtors have unsecured, noncontingent, liquidated debts in excess of $100,000.00. In answering the question, the Court and the parties need not engage in a full-fledged trial. Rather, the Court must render its judgment based on a review of the pleadings and documents on file, as well as the arguments of counsel. What is called for is a well-informed ready determination. *In re Harbaugh,* 153 B.R. 54 (Bankr.D.Idaho 1993).

The IRS has filed a Proof of Claim in the amount of $760,547.62. If the Proof of Claim is correct, it fulfills the three requirements of Section 109(e) in that the debt is unsecured, noncontingent, and liquidated.

The Debtors dispute the debt and have filed an Objection to the Proof of Claim. A disputed debt, however, is not excluded from computation under Section 109(e). *In re Harbaugh,* 153 B.R. 54, and *In re Jerome,*

112 B.R. 563 (Bankr.S.D.N.Y.1990). (Compare Section 303(b)(1).)

The Court has reviewed the IRS Proof of Claim, and the methods utilized by the IRS to determine the correct amount of the claim. The fact that the Debtors failed to pay taxes for several years does not render the task of computation an easy one. At times estimates may have to suffice. Nevertheless, the process utilized by the IRS appears to be sound, was performed in good faith, and must be respected. It is noteworthy that even if the indebtedness to the IRS is $650,-000.00 less than claimed, the Debtors remain ineligible under Section 109(e).

For these reasons, the Motion of the Chapter 13 Trustee to Dismiss the above-captioned case should be granted.

IT IS SO ORDERED.