**UNITED STATES of America, Appellant,**

v.

**Thomas B. VERDUNN, Appellee.**

No. 94–2001–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

March 16, 1995.

---

**12.** This Opinion is written after the Court hearing and oral ruling from the bench on the CME Motion.

Susan R. Waldron, U.S. Attorney's Office, Middle District of Florida, Tampa, FL, Ann Reid, Philip Doyle, U.S. Dept. of Justice, Tax Division, Washington, DC, for appellant.

B. Gray Gibbs, Gibbs & Runyan, P.A., St. Petersburg, FL, for appellee.

### ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on appeal from an order entered on November 10, 1994 by Judge Thomas E. Baynes, Jr. Jurisdiction over appeals from final judgments, orders and decrees of the bankruptcy court is vested in the Federal District courts. 28 U.S.C. § 158(a).

The issue presented for this Court's review is whether the bankruptcy court erred in confirming the debtor's Chapter 13 reorganization plan as a matter of law, because the debtor's noncontingent, liquidated, unsecured debt on the date of the petition exceeded the limit of $100,000 set by 11 U.S.C. § 109(e), as applicable in this proceeding.

### STANDARD OF REVIEW

In reviewing bankruptcy court judgments, the district court functions as an appellate court. The district court is bound by the findings of fact made by the bankruptcy court unless it determines them to be clearly erroneous. The burden is on the appellant to show that the bankruptcy court's finding is clearly erroneous. *Fed.R.Bankr. P.*, Rule 8013; *In re Downtown Properties, Ltd.*, 794 F.2d 647 (11th Cir.1986). *In re Fernandez*, 132 B.R. 775 (M.D.Fla.1991).

The appellant, however, is entitled to a *de novo* review if a mixed question of law and fact is involved and in all cases where the determination is solely based on a conclusion of law. In such cases, the district court will conduct an independent review of the case, and the legal significance accorded by the bankruptcy court to the facts. *In re Fasano/Harriss Pie Co.*, 71 B.R. 287, 290 (W.D.Mich.1987), *In re Goerg*, 930 F.2d 1563, 1566 (11th Cir.1991), *In re Owen*, 86 B.R. 691 (M.D.Fla.1988).

Appellee cites *In re Rimell*, 946 F.2d 1363 (8th Cir.1991) for the proposition that bankruptcy courts' determinations regarding the nature and character of certain debts "have been consistently held" to be "factual determinations ... subject to the clearly erroneous standard of review". Appellant argues that *Rimell* does not stand for this proposition but is a case which is illustrative of the proper legal standard and procedure to employ for determining if a debt is the subject of a "bona fide dispute" as defined in 11 U.S.C. § 303(b)(1).

The Court was unable to find any line of cases which would support Appellee's contention regarding the case law, and concurs with Appellant's reading and interpretation of *In re Rimell*. In the bankruptcy court's order of November 4, 1993, the bankruptcy judge expressly refers to arguments heard on July 2, 1993 with respect to the Motion for Partial Summary Judgment, and states, "[t]his court found that there was a material question of fact as to whether the debtor filed fraudulent income tax returns for the years 1983, 1984, and 1985," and denied summary judgment. These findings of a "material question of fact" necessarily bring Bankruptcy Rule 8013 into effect, which provides:

> "On appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses" (Bankruptcy Rule 8013).

11 U.S.C. § 109 of the Bankruptcy Code is entitled "Who May be a Debtor," and sets forth general eligibility requirements necessary to proceed under the Bankruptcy Code. Section 109(e), provides as follows:

> "(e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated secured debts of less than $350,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,-000 and noncontingent, liquidated, secured debts of less than $350,000 may be a debtor under Chapter 13 of this title." [1]

 In determining the applicability of 11 U.S.C. § 109(e), a debtor is barred from filing for relief under Chapter 13 if he has unsecured, noncontingent liquidated debts in excess of $100,000 on the date petition is filed. If there is any disputed claim, the court must first determine the liquid amount of the disputed claim because only a contingent or unliquidated debt is excluded from the computation to determine eligibility. *In re Sylvester,* 19 B.R. 671 (9th Cir. BAP 1982), *In re Williams,* 51 B.R. 249 (Bankr.S.D.Ind. 1984).

In the instant case, the bankruptcy court reviewed the disputed debts and determined that the Appellee's debts were contingent and unliquidated. The bankruptcy court excluded the amount of the unliquidated debts from the computation for eligibility. After the exclusion, the total amount owed by the Appellee was determined to be within the proscribed statutory dollar limitations, and the court determined that Appellee could proceed under Chapter 13.

## ISSUE

The sole issue to be determined by this Court on appeal is **whether the bankruptcy court erred in confirming Appellee's Chapter 13 Plan because Appellee's noncontingent, liquidated, unsecured liabilities exceeded the statutory limits set forth in 11 U.S.C. § 109(e).**

Collier on Bankruptcy sets forth the following regarding the eligibility requirements of 11 U.S.C. § 109(e):

> "The eligibility criteria set forth in respect to this provision are specific and restrictive, with monetary amounts established to govern eligibility so as to insure that those persons for whose benefit the chapter is directed are those who employ its provision. Thus, the fundamental purpose of Section 109(e) is to establish the dollar limitations on the amount of indebtedness that an individual with regular income can incur and yet file under Chapter 13. . . . Thus, the core of subsection (e) is directed toward establishment of monetary amounts which determine eligibility for Chapter 13 relief. The debtor must owe less than $100,000 in unsecured debts and less than $350,000 in secured debts at the time of the filing of the petition. The dollar limits on both categories of debts, unsecured and secured, apply only to debts that are noncontingent and liquidated at the crucial petition filing time." *2 Collier on Bankruptcy* § 109.05 (1989). [2]

 In view of foregoing, this Court finds that the issue to be determined on appeal involves a mixed question requiring a review of factual determinations made by the Bankruptcy Court and interpretation of 11 U.S.C. § 109(e). Since a portion of the review on appeal involves the interpretation of a statute, a matter of law, the district court's standard of review will be de novo. *Lucoski v. Internal Revenue Service,* 126 B.R. 332 (S.D.Ind.1991).

---

1. Section 108 of the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, has raised the jurisdictional amounts for debts in Chapter 13 cases to $250,000 (unsecured) and $750,000 (secured). Amendments were effective October 22, 1994 and are not retroactive. Therefore, they have no affect upon the instant case or relevance in the Court's determination.

2. The Court will not address issues related to secured claims because there has been no contention that the secured indebtedness exceeds $350,000.

## FACTS

On April 29, 1988, Thomas B. Verdunn (hereafter Appellee) pled guilty to two (2) criminal counts of False Statements/Perjury under Title 26 of the United States Code § 7206(1) (I.R.C.). Following an audit, the Commissioner of the Internal Revenue Service determined that Appellee was liable for certain deficiencies in federal income taxes, penalties, and interest for the taxable years 1981 through 1986, inclusive. Prior to formally assessing these liabilities, the Internal Revenue Service sent the Appellee a statutory notice of deficiency dated September 25, 1990. The Commissioner determined that the Appellee was liable: for civil fraud penalties [I.R.C. § 6653(b)(1), and (2)]; substantial understatement penalties for 1982, 1983, 1984, and 1985 [I.R.C. § 6661]; a negligence penalty [I.R.C. § 6653(a)(1)(A), and (B)] and a delinquency penalty for 1986 [I.R.C. § 6653(a)(1)(A)]; plus additional interest for all of the years at issue.

On December 12, 1990, Appellee petitioned the United States Tax Court with respect to the Commissioner's determinations of his tax liabilities for calendar years 1982 through 1986 and alleged that the Commissioner's determinations were erroneous. Appellee filed a Chapter 13 bankruptcy petition with the bankruptcy court in and for the Middle District of Florida on January 14, 1992. Along with the bankruptcy petition, Appellee filed a Schedule F—Creditors Holding Unsecured Nonpriority Claims which identified an "unliquidated" debt owed to the United States. Pursuant to the automatic stay provisions contained in the Bankruptcy Code, 11 U.S.C. § 362(a)(8), Appellee's Tax Court proceedings were stayed upon the filing of the bankruptcy petition until December 7, 1992.

The Internal Revenue Service, on behalf of the United States, timely submitted a Proof of Claim in this bankruptcy proceeding, claiming that Appellee is indebted to the United States in the sum of $297,170.88, as of the petition date. The Proof of Claim alleged that the debt consisted of (a) an unsecured priority claim in the amount of $133,181.40 and (b) an unsecured general claim in the amount of $163,989.48 for the tax liabilities in calendar years 1982, 1983, 1984, 1985,

and 1986. The entire claim of the United States, except for taxes for 1986 in the amount of $1,216.00 plus interest for 1986 in the amount of $793.82 relates to the fraud claim of the United States (fraud penalties total $168,989.48 of a total claim in the amount of $297,170.88). Appellee disputes the liabilities proposed by the United States for the years 1982 through 1986, but has acknowledged that the 1982 income tax return was fraudulent.

In his Tax Court petition, Appellee alleges that the Commissioner erroneously determined that Appellee understated his share of distributable income; that he omitted interest income from his tax return; that he received unreported dividend income; that he was not entitled to an investment tax credit; and that he was not entitled to a business tax credit. The Tax Court petition requests that the court determine the Appellee's tax liability for the taxable years 1982 through 1986, inclusive; determine that the assessment period for the taxable years 1985 and 1986 expired prior to the assessment to relief Appellee of liability for additional taxes, interest or penalties for those years; and to determine that Appellee is not liable for the civil fraud, substantial understatement, negligence and delinquency penalties or for additional interest. In denying a motion for partial summary judgement, the bankruptcy court found that there was a material question of fact as to whether the Appellee filed fraudulent income tax returns for the years 1983, 1984 and 1985.

Appellee argued that 11 U.S.C. § 507(a)(8)(A)(iii) precludes tax fraud claims from priority and that the "super discharge" of 11 U.S.C. § 1328(a)(2) permits tax fraud liabilities to be discharged. Bankruptcy Code Section 507(a)(8)(A)(iii) establishes priority for tax claims "... other than a tax of a kind specified in section .... 523(a)(1)(C)" which states "a tax ... with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax...."; thus, a tax fraud claim is specifically excluded as a priority claim. The Internal Revenue Service's claim would have had priority if there had been an assessment or a return due within three years

before the date of filing the petition [11 U.S.C. § 507(a)(8)(A)(i), (ii) ], or if other than a tax of a kind specified in ... § 523(a)(1)(C). [11 U.S.C. § 507(a)(8)(A)(iii) ]. There are no facts to support the application of subparagraphs (i) or (ii).

In looking to the remaining subparagraph (iii) of this Section, the language references taxes which are defined in § 523(a)(1)(C) and excluded. Section 523(a)(1)(C) titled "Exceptions to Discharge" excludes "a tax ... specified in 507(a)(8) ... with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax." It appears from the facts that Appellant's tax fraud claims conform to this description, and should be precluded from designation as a priority. On November 4, 1993, an order was entered in the bankruptcy court by Judge Baynes granting Appellee's motion for partial summary judgment with respect to Appellee's objection to the Internal Revenue Service's proof of claim regarding the priority of taxes due for calendar year 1982. The bankruptcy court held that to the extent the taxes related to fraudulent income tax returns, the taxes are not entitled to priority and are generally unsecured. In its holding, the court relied on the clear and unambiguous language of the Bankruptcy Code.

On March 9, 1994, the United States Tax Court heard evidence on Appellee's tax case. At the conclusion of the evidence, the Tax Court ordered the parties to file briefs and reply briefs. To date, the Tax Court has not rendered an opinion. The Appellee has objected in the bankruptcy case to the claim of the United States on the same grounds as he challenged the statutory notice of deficiency in his Tax Court petition.

By order dated November 10, 1994, the bankruptcy court determined that it would defer ruling on Appellee's objection to the claim of the United States until such time as the Tax Court has decided the proceeding in that forum then Judge Baynes confirmed Appellee's Chapter 13 plan, over objection of the United States who was not present at the confirmation hearing. It is the bankruptcy court's confirmation of Appellee's Chapter 13 plan that is the subject of this appeal.

## ISSUE

Whether this bankruptcy proceeding may be confirmed under Chapter 13, if the Court determines that the debtor's tax liabilities exceed the $100,000 jurisdictional amount provided in 11 U.S.C. Section 109(e).

## DISCUSSION

The relevant sections of the Bankruptcy Code reviewed by the bankruptcy court in determining if the claims should be afforded priority status § 507(a)(8)(A)i, ii, iii and § 523(a)(1)(C) are listed below:

§ 507(a) The following expenses and claims have priority in the following order:

(8) Eighth, allowed unsecured claims of governmental units; only to the extent that such claims are for—

(A) A tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition.

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after the commencement of the case;

§ 523(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

Inasmuch as "the statutory scheme is coherent and consistent, there ... is no need for a court to inquire beyond the plain language of the statute." *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Finding that the statutory language is clear, this Court concurs with the bankruptcy court's determination that the claims are not priority.

In determining eligibility to file a Chapter 13 case, 11 U.S.C. § 109(e), provides "only an individual with regular income ... that owes, on the date of filing of the petition, **noncontingent, liquidated unsecured debts that aggregate less than $100,000** and non contingent, liquidated secured debts of less; than $350,000 [3] ... may be a debtor under Chapter 13...." *(emphasis added).* Therefore, a debt can be excluded from the computation of the Chapter 13 limitations if such a debt is determined to be "contingent", or "unliquidated."

If the unsecured debt is noncontingent, it must be included in the calculation to determine eligibility. "A debt is noncontingent if all events giving rise to liability occurred prior to the filing of the bankruptcy petition." *In re Loya,* 123 B.R. 338, 340 (9th Cir. BAP 1991). In this case, Appellee does not contend that the liability for the taxes owed is contingent on some future event; therefore, the tax liabilities are considered as "noncontingent" for purposes of this analysis.

The parties agree that Appellee would not be eligible for Chapter 13 relief if his "noncontingent" liabilities to the United States were "liquidated" on the date of the filing of his petition. The term "liquidated" is not defined by the Bankruptcy Code. However, § 101(11) of the Bankruptcy Code does define "debt" as liability on a claim and § 101(5)(A) of the Bankruptcy Code defines "claim" in part as "a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed [or] undisputed ..." 11 U.S.C. § 101(5)(A). Appellee argues that the claim of the United

States was both "disputed" and "unliquidated" on the date of the petition. Although Appellee had received a statutory notice of deficiency for amounts in excess of the jurisdictional limit prior to the filing of his petition, no formal assessment had been made. The bankruptcy schedules filed by Appellee listed a disputed unsecured debt owing to the United States in excess of the jurisdictional limit ($100,000) of 11 U.S.C. Section 109(e) which the Appellee claimed were "unliquidated".

Although the claim was disputed, Appellant contends that it was "liquidated" on the date of the petition. To support this proposition, Appellant relies heavily on the notice of deficiency which was issued and points to the notice as "sufficient to enable a court to readily ascertain the amount of Appellee's debt to the United States as of the date of the filing of the petition." Relying on the notice and the "plain language" of the statute, Appellant urges the Court to hold that this debt was "liquidated" at the time the bankruptcy petition was filed. As a "liquidated" debt, the amount would have been included in the bankruptcy court's computations in determining Appellee's eligibility for Chapter 13 relief under the provisions of Section 109(e).

Appellant correctly argues that a dispute regarding the liability or the amount of liability does not, in and of itself, render the particular debt "liquidated" and that a disputed debt may be included in the Section 109(e) computation. The majority view is that the mere fact that the amount of or liability on a claim is disputed is not sufficient to render the claim "unliquidated" in determining eligibility for relief under Chapter 13. *In re Sylvester,* 19 B.R. 671 (9th Cir. BAP 1982), *In re Toronto,* 165 B.R. 746 (Bankr.D.Conn.1994). However, Appellee contends that the tax liabilities were "unliquidated" on the date of the petition for purposes of determining Chapter 13 eligibility because the amount of the tax liabilities for the years were the subject of a bona fide dispute between the Appellee and the Appel-

---

**3.** The Court will not address issues related to secured claims because there has been no contention that the secured indebtedness exceed $350,000.

lant, pending resolution in a Tax Court proceeding on the date of the petition.

■ A claim is "liquidated," for purposes of Chapter 13 eligibility, only if it is capable of ready determination, i.e., if debtor's liability and amount of claim can be determined on the basis of agreed upon facts without need for evidentiary hearing; neither frivolous factual dispute nor disagreement concerning law as opposed to fact can render a claim unliquidated and, to the extent liability is admitted, the claim is liquidated at least in that amount. *In re Harbaugh*, 153 B.R. 54 (Bankr.D.Idaho 1993), *In re Hustwaite*, 136 B.R. 853 (Bankr.D.Or.1991).

■ "The concept of liquidation has been variously expressed but the common thread ... has been ready determination and precision in computation of the amount due.... Some cases have stated the test as to whether the amount due is capable of ascertainment by reference to and agreement or by simple computation." *In re Loya*, 123 B.R. 338, 340 (9th Cir. BAP 1991) [quoting *In re Sylvester*, 19 B.R. 671, 673 (9th Cir. BAP 1982) ]. A debt is subject to simple calculation or "ready determination" if its amount can be determined in a simple hearing, as opposed to an extensive and contested evidentiary hearing in which it will be necessary to introduce substantial evidence to establish the amount of the debt; *Id.* at 338, 341; *In re Wenberg*, 94 B.R. 631, 634 (9th Cir. BAP 1988) *aff'd*, 902 F.2d 768 (9th Cir.1990).

■ It is an undisputed fact that Appellee vigorously disputed the penalties which the United States sought to levy against him based upon alleged civil fraud, understatement of income, negligence and delinquency in filing income tax returns and had filed a petition for determination with the United States Tax Court. In this dispute as to the character and nature of the claims, Appellant has the burden of proof. *I.R.C.* § 7454. Although set for trial, the Tax Court had not rendered a determination as of the date of the petition regarding Appellee's tax liability. Therefore, Appellee now argues, and this Court agrees, that the amount of the tax liability was not readily ascertainable from the information before the bankruptcy court and were properly excluded as "not readily determinable" and "unliquidated" debts when eligibility to proceed under § 109(e) of the Bankruptcy Code was determined.

■ Finally, Appellant argues that Appellee's eligibility for relief under Chapter 13 should not be determined by either debtor's or creditor's characterization of debt or claim; and that the Court is required to look beyond information given by the parties and make an independent determination of whether the debt should be included in the eligibility calculation. *Matter of McGovern*, 122 B.R. 712 (Bankr.N.D.Ind.1989). Appellant questions whether Appellee may take advantage of Chapter 13 and meet the good faith requirement of 11 U.S.C. § 1325(A)(3), where the debts sought to be discharged arise from tax fraud.

■ Under 11 U.S.C. § 1325(a)(3), a Chapter 13 plan must be filed in good faith prior to being confirmed. To find a lack of good faith, there should be a showing of serious misconduct or abuse on the part of the debtors. When considering the issue of good faith in the case of *In re Smith*, 848 F.2d 813, 818 (7th Cir.1988) and *In re Pearson*, 773 F.2d 751 (6th Cir.1985), the court reasoned that procedures for determining initial jurisdiction cannot be allowed to dominate the proceedings ... nor to delay them unduly. In suggesting that the court should rely primarily upon the schedules submitted, the court gave consideration to the limited resources of the debtor and emphasized that the means of determining eligibility must be efficient and inexpensive.

Additional guidance was provided by the bankruptcy court in its holding *In re Lambert*, 43 B.R. 913 (Bankr.D.Utah 1984), which stated that if a determination of a disputed debt could not be made expeditiously, then the court should rely upon the characterization of the disputed debt as set forth by the debtor in its schedules. In the current case subject to review, the trustee involved with the bankruptcy proceeding has not objected to the confirmation plan, the expenses and debts are accurately stated, and no showing of fraudulent misrepresentation has been made by the Appellant.

**1004**

In another case, *In re Robertson,* 143 B.R. 76 (Bankr.N.D.Tex.1992), the bankruptcy court found statutory tax penalties assessed against the debtor as contingent non-liquidated obligations, and did not include them in evaluating whether the debt was eligible, pursuant to § 109(e). The *Robertson* court found that the tax issues were critical to the confirmation and feasibility of the debtor's plan, and continued the confirmation hearing until the tax issues were resolved. In this case, the bankruptcy court has ruled that these parties will have to await the outcome of the final hearing on the objections to the tax claim before a testing of the plan can be made at confirmation.

In view of the complexity of the case, acknowledged by both parties in pleadings, and the fact that the determination of liability has required an extensive and contested evidentiary hearing before the United States Tax Court which remains unresolved to date, this Court finds the bankruptcy judge's determination below both reasonable and appropriate under the circumstances. At the time the petition was filed, this Court agrees that the tax liabilities were not "readily ascertainable" from the information before the bankruptcy judge and were properly excluded from the computations in accordance with § 109(e) as "unliquidated" disputed debts. The bankruptcy court failed to find a *per se* lack of good faith where a debtor seeks to discharge fraudulent tax claims under bankruptcy code dispensations available and this Court has found no basis for determining otherwise.

Additional determinations made by the bankruptcy court and supported by the record upon review by this Court follow:

1) The total unsecured claims in Appellee's schedules are $297,170.88.

2) Appellee has properly objected on the record to the amount, and character as well as the proposed priority in the proof of claim for 1983, 1985, and 1986.

3) The tax fraud liabilities are not priority.

4) 11 U.S.C. § 109(e) places a limitation of $100,000 in noncontingent, liquidated, unsecured debts and the undisputed 1982 liabilities are insufficient to exceed this amount.

5) The parties refer to the 1982 liabilities as "unsecured," therefore, the bankruptcy court has treated them as unsecured in determining amounts associated with § 109(e).

### CONCLUSION

This Court has carefully reviewed the Order of Judge Baynes, and the briefs of both parties. Under the quoted standard of review, the Court finds that the findings of fact of the bankruptcy court are not clearly erroneous, and the bankruptcy court's conclusions of law are sound.

Accordingly, it is

**ORDERED** that the Order of the bankruptcy court be **affirmed** and the Clerk of the Court be **directed** to enter judgment for the Appellee.

**DONE AND ORDERED.**