**UNITED STATES of America, Appellant,**

v.

**Lester Houston MAY, Jr., and Margaret Ann May, Appellees (Two Cases).**

**Nos. 95–24–CIV–ORL–18, 95–75–CIV–ORL–18.**

United States District Court, M.D. Florida, Orlando Division.

Aug. 21, 1997.

Bruce T. Russell, U.S. Dept. of Justice, Washington, DC, for U.S., I.R.S.

Michael S. May, Law Office of Michael S. May, Deland, FL, for appellees.

## ORDER

G. KENDALL SHARP, District Judge.

In this consolidated action, the United States of America ("appellant" or "the government") appeals an order from the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, denying their motion to dismiss debtors Lester Houston May Jr. and Margaret Ann May ("the appellees") from Chapter 13 bankruptcy protection under 11 U.S.C. § 109(e). The appellant seeks a reversal of the bankruptcy court's denial of their motion to dismiss while the appellees have filed a brief urging affirmance of the bankruptcy court's ruling. Ad-

ditionally, in the second consolidated action, the government seeks a reversal of the bankruptcy court's order confirming the appellees' Debtor's Plan. Both appeals are properly before the court pursuant to 28 U.S.C. § 158(a)(1). Following a review of the proceedings and the relevant law, the court concludes that both bankruptcy court rulings should be affirmed.

## I.   Statement of the Facts

On May 13, 1994, the appellees filed for Chapter 13 protection in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, listing the total amount of their unsecured debt owed to the government as $81,815. Prior to their bankruptcy filing, the appellees were involved in six United States Tax Court litigations involving interest deductions derived from certain alleged tax shelter programs from 1980 to 1991. The Internal Revenue Service (IRS) subsequently filed a proof of claim against the appellees in the amount of $803,401.76. Of that amount, the IRS classified $128,637.47 as an unsecured general claim and $674,764.29 as an unsecured priority claim. The appellees in turn filed an objection to the IRS's proof of claim on September 2, 1994. Later that month, the appellant filed a response to the appellees' objection and motioned the court to dismiss the case from bankruptcy pursuant to 11 U.S.C. §§ 109(e). The appellant filed an objection to the confirmation of the appellees' proposed Chapter 13 Plan as well.

On September 28, 1994, the bankruptcy court entered an Order of Abstention whereby it refrained from determining the amount of appellant's proof of claim against appellees due to the appellees pending litigation in the Untied States Tax Court. A few months later, on December 8, 1994, the bankruptcy court entered its order denying appellant's motion to dismiss. On December 15, 1994, appellant filed their notice of appeal. The following week, on December 21, 1994, the bankruptcy court entered an order conditionally confirming the appellees' Chapter 13 Plan and reserved jurisdiction over the case to determine the appellees' eligibility for Chapter 13 protection until after the conclusion of the pending United States Tax Court litigation.

## II.   Legal Discussion

### A.   Standard of Appellate Review

When sitting in its appellate capacity, a district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." 11 U.S.C. Bankr.R. 8013 (1994). The district court is bound by the findings of fact made by the bankruptcy court unless it determines them clearly erroneous. The burden is on the appellant to show that the bankruptcy court's factual findings are clearly erroneous. *Gibson Group, Ltd. of Pinellas County, Inc. v. Cooper (In re Cooper)*, 197 B.R. 698, 699 (M.D.Fla.1996). Appellant is entitled to an independent, *de novo* review of the bankruptcy court's legal conclusions. *State Farm Mut. Auto. Ins. Co. v. Fielder (In re Fielder)*, 799 F.2d 656, 657 (11th Cir.1986) (per curiam). Consequently, a district court will not disturb a ruling of the bankruptcy court "unless its factual findings are clearly erroneous or it applies the incorrect legal standard." *Cox v. Lansdowne (In re Cox)*, 904 F.2d 1399, 1401 (9th Cir.1990); *accord In re Fielder*, 799 F.2d at 657.

### B.   The Merits of Appellant's Appeals

In their present appeal, the government argues that the appellees are not eligible for Chapter 13 protection under § 109(e) of the Bankruptcy Code, and that the bankruptcy court's denial of their motion to dismiss constitutes reversible error. Section 109(e) states in pertinent part that "only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated secured debts of less than $350,000 ... may be a debtor under Chapter 13 of this title." 11

U.S.C. § 109(e) (1997).[1] Appellant argues that the IRS filed a proof of claim against the appellees totaling in excess of $800,000, with an unsecured general claim against the appellees in the amount of $128,637.47. The appellees however disputed the IRS's claim and alleged that their total unsecured debt owed to the government equaled only $81,-815, thereby satisfying the requirements set forth in § 109(e) for Chapter 13 protection. The issue on appeal is whether the disputed proof of claim filed by the IRS should be considered when calculating a debtor's noncontingent, liquidated, unsecured debt for purposes of 11 U.S.C. § 109(e) eligibility.

■ Based upon the foregoing, the court finds that the issue to be determined on appeal involves a review of factual determinations made by the bankruptcy court as well as statutory interpretation of 11 U.S.C. § 109(e). Because a portion of the review on appeal involves the interpretation of a statute, a matter of law, this court's standard of review will be *de novo. See U.S. v. Verdunn,* 187 B.R. 996, 999 (M.D.Fla.1995)(citing *Lucoski v. Internal Revenue Service,* 126 B.R. 332 (S.D.Ind.1991)).

In the bankruptcy court's order denying appellant's motion to dismiss, it found that the appellees were eligible for Chapter 13 protection under section 109(e). Prior to its analysis of the issues, the bankruptcy court noted the lack of uniformity among courts throughout the country on whether to consider a debtor's disputed claims when making its Chapter 13 eligibility evaluations. *See In re Lamar,* 111 B.R. 327 (D.Nev.1990)(holding that disputed claims should be included in the Chapter 13 eligibility determinations); *In re Claypool,* 142 B.R. 753 (Bankr.E.D.Va. 1990)(same); *In re Pennypacker,* 115 B.R. 504 (Bankr.E.D.Pa.1990)(same); *In re Vaughan,* 36 B.R. 935 (N.D.Ala.1984)(same); *In re McMonagle,* 30 B.R. 899 (Bankr.D.S.D.

1983)(same); *In re Sylvester,* 19 B.R. 671 (9th Cir. BAP 1982)(same). *But see In re Lambert,* 43 B.R. 913 (Bankr.D.Utah 1984)(holding that disputed claims should not be included when calculating Chapter 13 eligibility); *In re Troyer,* 24 B.R. 727 (Bankr. N.D.Ohio 1982)(same); *In re De Brunner,* 22 B.R. 36 (Bankr.D.Neb.1982)(same); *In re King,* 9 B.R. 376 (Bankr.D.Or.1981)(same). The bankruptcy court then analyzed the specific language of § 109(e) and applied the statute to the facts of the present case. In particular, the bankruptcy court focused on the terms "debts," "liquidated," and "owe" found in § 109(e) in reaching its conclusion.

First, the bankruptcy court noted that Congress mandated that a debtor's "debts" rather than the "claims" against them be liquidated and noncontingent. The bankruptcy court stated that:

> "[D]ebt" was used because Congress intended a Chapter 13 debtor's eligibility to rest upon either (1) the actual obligation to pay as it exists in the contemplation of applicable law or (2) the obligation to pay as asserted to the court by the debtor in its schedules or otherwise. The term "claim" was avoided because Congress did not wish the Section 109(e) eligibility determination for Chapter 13 debtors to be predicated upon the mere demands of creditors.

(R.41 at 4)(quoting *Lambert,* 43 B.R. at 919). The bankruptcy court suggested that when a debt is disputed between the parties, a hearing should be held whenever possible to settle the dispute, and if a determination of a disputed debt can not be made expeditiously, then the court should rely on the characterization of the debt as set forth in the debtor's schedules. *Id.* at 4–5.

Next, the bankruptcy court discussed the meaning of the term "liquidated" and its application in § 109(e) Chapter 13 eligibility

1. Section 108 of the Bankruptcy Reform Act of 1994 raised the jurisdictional amounts for debts permitted in Chapter 13 cases to $250,000 (unsecured) and $750,000 (secured). Section 108 became effective October 22, 1994, but was not made retroactive. Accordingly, the new eligibility amounts have no bearing on the instant case. Additionally, the court will not address issues related to secured claims because there has been no contention that the secured indebtedness exceeded $350,000.

determinations. The bankruptcy court stated that a debt is "liquidated" when it is "(1) determined, fixed, settled, adjusted, and made certain mathematically and with precision, (2) is agreed upon, or (3) is fixed by operation of law." *Id.* at 5. The bankruptcy court went on to summarize that a liquidated debt is one that is certain both as to amount and liability and stated that a "debt cannot be certain to the extent there is a bona fide dispute as to its amount or as to the underlying liability of the debtor to pay the debt." *Id.* (citing *Lambert,* 43 B.R. at 921). Lastly, the bankruptcy court stated that if there is no dispute between the parties as to liability, but only as amount, then a claim can be treated as liquidated but only to the extent of the amount admitted by the debtor. *Id.* at p. 5–6; *accord In re Harbaugh,* 153 B.R. 54 (Bankr.D.Idaho 1993).

Although the government argued that a majority of courts include disputed claims by the debtor when calculating eligibility for Chapter 13 protection, the bankruptcy court distinguished many of the cases cited by appellant in support of their argument. In appellant's motion to dismiss, they relied heavily on case of *In re Vaughan,* where a district court ruled that a debtor's disputed claim was nonetheless liquidated because it was based on a contract and the amount of the claim was readily ascertainable. *In re Vaughan,* 36 B.R. at 938. The bankruptcy court noted that the debtor in *Vaughan* admitted that he owed unsecured debts in excess of $100,000, and merely argued that the claim was not liquidated and thus not entitled for calculation consideration under section 109(e) for Chapter 13 protection. *Id.* at 3. In the case at bar however, the bankruptcy court found that the appellees never admitted that they owed appellant over $100,000 and asserted that their total liquidated, noncontingent, unsecured debt totaled only $81,815. Additionally, the *Vaughan* court found that the claim was liquidated because it was based on a breach of contract claim and was readily ascertainable. *Id.* In the present case however, the bankruptcy court found that the IRS's claim was based on pending

litigation in the Tax Court that had not yet been resolved, and thus concluded that the claim was not readily ascertainable. *Id.* In support of their argument, the appellees provided the bankruptcy court with several Tax Court rulings involving similar issues where the verdicts resulted in $0 debt being owed by the debtors. Accordingly, the bankruptcy court denied appellant's motion to dismiss by holding that a portion of the IRS's claim was unliquidated, thereby allowing the appellees to be eligible for Chapter 13 protection under 11 U.S.C. § 109(e).

Additionally, the bankruptcy court noted the distinction between the terms "owe" and "claim." Section 109(e) states that "only individuals with regular income that owes … noncontingent, liquidated, unsecured debts of less than $100,000…." The bankruptcy court demonstrated several examples of how many claims could be made against a debtor, and yet, the debtor not owe monies on all the separate claims against him. Thus, the bankruptcy court held that § 109(e) eligibility calculations for Chapter 13 protection should be based on monies owed rather than the claims made by creditors against the debtors.

In its brief to this court, appellant argues that any tax liability issued by the IRS is presumed to be correct and the burden is placed on the debtor to prove where and to what extent the government's assessment is incorrect. *Welch v. Helvering,* 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1933). Appellant states that the appellees tax liability in the case, as determined by the Commissioner, was $803,401.76 on the petition date and because the appellees have failed to sufficiently rebut the IRS's presumption of accurateness, their proof of claim should be determinative and result in this court's finding that the appellees' noncontingent, liquidated, unsecured debt totals an amount in excess of $100,000. If such a conclusion were reached, the appellees would not qualify for Chapter 13 protection under § 109(e) and the bankruptcy court's denial of their motion to dismiss should be reversed.

Next, the government contends that although there is some disagreement among

courts over whether disputed claims should be considered when calculating Chapter 13 eligibility under § 109(e), they allege that the majority of courts have ruled in their favor. Appellant argues that the limitations under § 109(e) would be rendered meaningless if prospective debtors could avail themselves of Chapter 13 relief merely by disputing the amount of the debt. *In re Crescenzi*, 69 B.R. 64 (S.D.N.Y.1986). In further support of their argument, appellant cites to the *Vaughan* court which stated:

> [I]t is easy to envision debtors regularly using such a "dispute" technique as a stalling device. If such a device were given judicial recognition it would create havoc. The unscrupulous would file a Chapter 13 petition and then "dispute" the unsecured debts, force the litigation to continue under Chapter 13, and then after months of costly delay the bankruptcy court could find that all had been in vain because the "disputes" were only imagined and that the bankruptcy court lacked jurisdiction to adjudicate the claims.

*In re Vaughan*, 36 B.R. at 938–39. Additionally, appellant argues that the IRS conducted an exhaustive audit of the appellees and determined a precise dollar amount owed to appellant for back income taxes. They allege that the amount was readily ascertainable and the fact that the debtors dispute that amount does not render the debt unliquidated. *In re White*, 168 B.R. 825 (Bankr. D.Conn.1994); *In re Madison*, 168 B.R. 986 (D.Haw.1994). Thus, appellant contends that the bankruptcy court erred by denying their motion to dismiss and later confirming appellees Chapter 13 Plan.

■ The court however is not persuaded by appellant's arguments. The court finds that the appellees' disputed debt was unliquidated and thus should not have been considered when determining their eligibility for Chapter 13 protection under 11 U.S.C. § 109(e). Although the term "liquidated" is not defined in § 109, courts have generally held that a debt is liquidated if its amount is readily and precisely determinable, where the claim is determinable by reference to an agreement or by simple computation. *Collier on Bankruptcy*, 15th Ed. at 1109.06[2][c] (March 1997). *See also Verdunn*, 187 B.R. at 1003 (stating that the concept of liquidation has been variously expressed but the common thread has been ready determination and precision in computation of the amount due); *In re Hustwaite*, 136 B.R. 853, 855 (Bankr.D.Or.1991)(found claim to be unliquidated when a complicated evidentiary hearing was necessary to determine existence and amount of liability); *In re Lambert*, 43 B.R. at 921 (stating that a liquidated debt is one that is certain both as to amount and liability). The bankruptcy court noted that in the majority of cases in which courts included disputed claims when calculating a debtor's eligibility for Chapter 13 protection, "the claim was based on a debt of a contractual nature, where the basis of the dispute was a counterclaim or a set off that the debtor may have had, and where the amount due could be determined with sufficient precision." (R.41 at 6). In the case of *In re Harbaugh*, a bankruptcy court held that liquidation turns not upon whether the claim is disputed, but rather whether the claim in capable of "ready determination." *In re Harbaugh*, 153 B.R. 54, 55 (Bankr.D.Idaho 1993)(citing *In re Loya*, 123 B.R. 338, 340–41 (9th Cir. BAP 1991)). The *Harbaugh* court defined "ready determination" as turning "on the distinction between a simple hearing to determine the amount of a certain debt, and an extensive and contested evidentiary hearing in which substantial evidence may be necessary to establish amounts or liability." *Id.* at 55. In the present case, the bankruptcy court found it impossible to determine the appellees' liability with any precision or accuracy. The bankruptcy court stated that the disputed claim was related to on-going litigation in the United States Tax Court and until such litigation was resolved, the amount of claim could not be readily calculated with any precision or accuracy. (R.41 at 6).

■ Although appellant contends that the amount of the claim was ascertainable and readily determinable, the court does not agree. While not every dispute by a debtor

will cause the claim to become unliquidated, the court finds such a result justified in the instant case. In their motion to dismiss and again on this appeal, appellant offered no evidence to supplement the IRS's proof of claim as proof that the appellees' unsecured debt exceeded the $100,000 jurisdictional amount as set forth in § 109(e). The appellees disputed the IRS's claim and argued that several Tax Court cases involving similar interest deducting tax shelter programs resulted in a verdict in favor of the debtors in which they owed $0 to the government. *Thompson v. Commissioner of Internal Revenue,* Case No. 19321–83 (U.S. Tax Court, Washington, D.C. August 26, 1992). As a result, the court finds that the appellees' disputed debt was not certain as to amount or liability and thus concurs with the bankruptcy court in finding that it was not liquidated for § 109(e) purposes.

The bankruptcy court noted that the burden of proof was on the movant, here the appellant, to demonstrate to the court that the appellees did not qualify for relief under Chapter 13 by a preponderance of the evidence. The bankruptcy court found that appellant failed to carry its burden and therefore denied its motion to dismiss. The court finds that the bankruptcy court's refusal to consider the appellees' disputed debt when determining their eligibility for Chapter 13 protection under 11 U.S.C. § 109(e) was not clearly erroneous and holds that its legal analysis was judicially sound. Accordingly, the court finds that the bankruptcy court's denial of appellant's motion to dismiss and its later confirmation of appellees' Debtor Plan should be affirmed.

### III. Conclusion

Upon review of the bankruptcy record, case file and all relevant law, the court concludes that the bankruptcy court's findings of fact were not clearly erroneous and their conclusions of law were sound. Because of the pending United States Tax Court litigation, the appellees' disputed debt was not readily ascertainable with any precision or accuracy to the bankruptcy court. The appellees' disputed debt was thereby unliqui-

dated and thus correctly was not considered when determining their eligibility for 11 U.S.C. § 109(e) purposes. The bankruptcy court's order denying the government's motion to dismiss, Case No. 95–24–CIV–ORL–18, must therefore be **AFFIRMED.** Additionally, because the court found that the appellees were eligible for Chapter 13 bankruptcy protection under § 109(e), the bankruptcy court's later confirmation of the appellees' Debtor Plan, Case No. 95–75–CIV–ORL–18, was not clearly erroneous and therefore is **AFFIRMED** as well.