**In re Marcia Lynn BRITT, Debtor.**

**Bankruptcy No. 96–03605–6B3.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Feb. 26, 1997.

Robert H. Pflueger, Altamonte Springs, FL, for debtor.

David M. Landis, John Kane, David M. Landis P.A., Mateer, Harbert & Bates, Orlando, FL.

Laurie K. Weatherford, Winter Park, FL, Chapter 13 Trustee.

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on David M. Landis P.A.'s Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss Chapter 13 Case (Doc. 20). Appearing before the Court were Robert H. Pflueger, attorney for the Debtor, Marcia Lynn Britt; David M. Landis and Jon Kane, attorneys for David M. Landis P.A.; and Laurie K. Weatherford, Chapter 13 Trustee. After reviewing the pleadings, evidence, exhibits, arguments of counsel, and authorities for their respective positions, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Marcia Lynn Britt ("Ms.Britt") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on June 2, 1995. David M. Landis P.A. ("DML") filed an adversary proceeding against Ms. Britt on August 28, 1995 (adversary proceeding number 95–246). Ms. Britt was granted a discharge on September 12, 1995.

Ms. Britt forged numerous checks while employed as an office manager and bookkeeper at DML, resulting in the embezzlement of funds from DML's bank account in the amount of $19,723.02. DML's debt in the amount of $61,014.81 [1] was determined nondischargeable pursuant to 11 U.S.C.

§ 523(a)(4) in the Memorandum Opinion and Judgment entered on February 8, 1996.

Ms. Britt filed for relief under Chapter 13 of the United States Bankruptcy Code on June 7, 1996. 11 U.S.C. § 101 *et seq.* DML is the only listed creditor with an unsecured claim in the amount of $61,014.81. Ms. Britt's plan in her chapter 13 filing is proposed in good faith and she is putting forth sincere effort to satisfy DML's claim. She is using all of her disposable resources to maintain her Chapter 13 case and plan.

## CONCLUSIONS OF LAW

The issue before the Court is whether the character of the debt which was determined nondischargeable in Ms. Britt's Chapter 7 case indicates a lack of good faith in Ms. Britt's proposed plan under Chapter 13 pursuant to United States Bankruptcy Code § 1325(a)(3).[2]

 The fundamental aim of the Bankruptcy Act of 1841 and of all bankruptcy laws is the establishment of a uniform system for ratable asset distribution among creditors. 5 *Colliers on Bankruptcy,* ¶ 1300.01 (15th Ed.1996). A more recent objective is to return the debtor to a useful economic role in society by means of the "fresh start" through the discharge in bankruptcy. *Id.* The public purposes served by chapter 13 offers the debtor and creditors a more orderly and effective way to deal with debtors' indebtedness. Chapter 13 simplifies, expands, and makes more flexible wage earner plans. It also gives the debtor adequate exemptions and other protection to ensure a fresh start. Congress intended to encourage, but not require a financially overextended debtor to make greater voluntary use of repayment plans commensurate with the debtor's abilities. The greater use of repayment plans results in effective means for improving debtor relief and creditor recoveries.

 The legislative purpose of Chapter 13 was to achieve broad, extensive, and un-

---

1. A total of $61,014.81 consisting of $59,169.06, representing threefold the actual damages sustained, costs in the amount of $345.75, and a reasonable attorney fee in the amount of $1,500.00.

2. The principle purpose of Congress in enacting Chapter 13 was to promote greater and more widespread use of Chapter 13.

qualified discharge of debts for a working debtor. The distinctions between the chapter 13 and chapter 7 discharge provisions represents an important advantage to those seeking relief under chapter 13. *Colliers on Bankruptcy* at ¶ 1328.01. "The dischargeability of debts in chapter 13 that are not dischargeable in chapter 7 represents a policy judgment that is preferable for debtors to attempt to pay such debts to the best of their abilities over three years rather than for those debtors to have those debts hanging over their heads indefinitely, perhaps for the rest of their lives." *Id.* The clear language of the Bankruptcy Code does not afford priority to debts incurred by fraud in a Chapter 13. *In re Blossfeld,* 13 B.R. 534, 537 (Bankr. N.D.Ill.1981).

▇▇▇▇ Chapter 13 of the Bankruptcy Code is a liberal provision which allows discharge of all debts except, cure of default on long-term debt when final payment is due after proposed final payment under Chapter 13 plan,[3] alimony and child support,[4] debts for certain educational loans,[5] debts for the death or personal injury caused by the debtor's unlawful operation of a vehicle while intoxicated,[6] and debts for restitution included in a sentence on the debtor's conviction of a crime.[7] There is no need for the Court to inquire beyond the plain language of the statute. *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989).

The Eleventh Circuit has stated that:

[i]n the absence of statutory language or legislative history indicating the Congress intended otherwise, a per se rule that bars an entire category of debtors from using this procedure is not warranted. The good faith requirement of 11 U.S.C. § 1325(a)(3) is sufficient to prevent undeserving debtors from using this procedure, yet it does not also prevent deserving debtors from using the procedure.

3. 11 U.S.C. § 1322(b)(5).

4. 11 U.S.C. § 1328(a)(2).

5. 11 U.S.C. § 1328(a)(2).

6. 11 U.S.C. § 1328(a)(2).

7. 11 U.S.C. § 1328(a)(3).

*In re Saylors,* 869 F.2d 1434, 1436 (11th Cir.1989).

Section 1325 provides that the Court shall confirm a plan if:

(1) the plan complies with the provisions of this chapter and with the other applicable sections of this title;

(2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;

(3) the plan has been proposed in good faith and not by any means forbidden by law;

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debt were liquidated under chapter 7 of this title on such date;

(5) with respect to each allowed secured claim provided for by the plan–

. . . . .

(6) the debtor will be able to make all payments under the plan and to comply with the plan.

. . . . .

11 U.S.C. § 1325. The receipt of a prior discharge does not prevent the debtor from meeting any of the listed conditions. *In re Saylors,* 869 F.2d at 1437. Congress did not intend to categorically foreclose the benefits of chapter 13 reorganization to a debtor who previously has filed under chapter 7 relief. But the plan may only be confirmed if it is proposed in good faith. 11 U.S.C. § 1325(a)(3).

▇▇▇▇ DML has the burden to prove the existence of a lack of good faith.[8] "Good faith" is not defined in the Bankruptcy Code with respect to filing a Chapter 13 plan.

8. Where the Chapter 13 Trustee does not object to confirmation of the plan it is the burden of the party objecting to prove existence of the lack of good faith. 5 *Colliers* ¶ 1325.04 (15th Ed.1996) *infra.*

Congressional intent, in relation to 11 U.S.C. § 1325(a)(3):

> ... as amended, neither prescribes nor authorizes the imposition by the court of a requirement that a chapter 13 plan propose any arbitrary minimum percentage or amount to creditors. Instead, it contemplates that the court determine whether the plan proposed in the particular case represents a good-faith effort to settle the claim of creditors to the extent feasible ... during the pendency of the proposed extension period as permitted under subsection 1325.... [T]he court [could]confirm a chapter 13 plan which proposes no dividend whatever to holders of allowed unsecured claims or that the court deny confirmation of a plan proposing a 95% dividend to the holders of such claims.

H.R.Rep. No. 1195, 95th Cong., 2d Sess. pt. 1, at 24–26 (1980). The Court should be more reluctant to dismiss for lack of good faith than to deny confirmation.[9]

 The Eleventh Circuit adopted an inexhaustive list of eleven factors pronounced in *In re Kitchens*, 702 F.2d 885, 888–889 (11th Cir.1983) known as the "totality of circumstances" test.[10] *see also In re Estus*, 695 F.2d 311, 317 (8th Cir.1982). The Court must consider all but not be limited to them. One factor favoring the conclusion of good faith is sufficient. *In re Saylors*, 869 F.2d at 1438. The appropriate weight depends on the credibility of the debtor. *Id.*

 Despite the broader discharge under Chapter 13, the Court has authority to deal with a debtor who has perpetrated a fraud on his creditors in the filing of a chapter 13 case and who would possibly be un-justly enriched by receiving a Chapter 13 discharge. DML has failed to dissuade this Court from confirming Ms. Britt's Chapter 13 plan. *Hartford Accident and Indemnity Co. v. Rose (In re Rose)*, 37 B.R. 876, 880 (Bankr.N.D.Ga.1984). A Chapter 13 plan may be confirmed despite the most egregious pre-filing conduct where other factors suggest that the filing of the plan nevertheless represents a good faith effort by the debtor to satisfy his creditor's claims. *Pioneer Bank of Longmont v. Rasmussen, (In re Rasmussen)*, 888 F.2d 703 (10th Cir.1989), *see also Neufeld v. Freeman*, 794 F.2d 149, 152 (4th Cir.1986).

 Section ·1325(a)(3) requires the plan to be proposed in good faith and not by any means forbidden by law. A lack of good faith in proposing a plan involves serious debtor misconduct or abuse such as fraudulent misrepresentation or serious nondisclosure of material facts in filing the plan. 5 *Collier* ¶ 1325.04 (15th Ed.1995) *infra.* There has been no showing of fraudulent misrepresentation in Ms. Britt's seeking relief under Chapter 13. *United States v. Verdunn*, 187 B.R. 996, 1003 (M.D.Fla.1995). The circumstances under which Ms. Britt contracted her debt does not show a lack of good faith in the filing of her proposed plan. She is using all of her disposable resources to maintain her Chapter 13 case and plan. *In re Adamu*, 82 B.R. 128, 129 (Bankr.D.Or. 1988).

Ms. Britt's prior act of embezzlement is clearly against public policy, but Congress distinguishes Chapter 13 from Chapter 7. The dischargeability of a debt in Chapter 7 is a limited factor to be considered in a Chapter

---

9. A dismissal results in no relief for the debtor; whereas, denial of confirmation still allows the debtor to file an alternative plan with the Court.

10. Factors relied on but not limited to:
(1) the amount of the debtor's income from all sources;
(2) the living expenses of the debtor and his dependents;
(3) the amount of attorney's fees;
(4) the probable or expected duration of the debtor's Chapter 13 plan;
(5) the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13;
(6) the debtor's degree of effort;
(7) the debtor's ability to earn and the likelihood of fluctuation in his earnings;
(8) special circumstances such as inordinate medical expenses;
(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors;
(10) the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors; and
(11) the burden which the plan's administration would place on the trustee.

13. *In re Dwyer*, 1993 WL 596259 (Bankr. M.D.Fla.). Ms. Britt is proposing to utilize the Bankruptcy Code to obtain a fresh start when she is subject to a real and substantial threat of economic harm. The distinctions between the chapter 13 and chapter 7 discharge provisions represents an important advantage to those seeking relief under chapter 13. Ms. Britt's plan is not endeavoring to defraud DML where her expenses and debts have been accurately stated and there have been no fraudulent misrepresentations in her proposed plan under Chapter 13.

Congress encourages debtors to attempt to pay their debts to the best of their abilities over three to five years rather than having debts survive indefinitely. This policy significantly influenced Congress's determination that the provisions for dischargeability of debts in chapter 13 be distinct from those in chapter 7. A chapter 13 debtor may be discharged with respect to debts that are not dischargeable in chapter 7. The rationale is that the chapter 13 debtor is entitled to greater benefits because the assumption is that the debtor is paying creditors to the best of their ability.

Ms. Britt has not sought to abuse bankruptcy law by employing it for a purpose for which it was not intended. *Id.* at 4, *see also In re Clinton Centrifuge, Inc.*, 72 B.R. 900, 905 (Bankr.E.D.Pa.1987). Accordingly, Ms. Britt's plan was proposed in good faith and DML's Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss are due to be denied.