**In re Terry Lee AULT, Debtor.**

**No. 01–40813M.**

United States Bankruptcy Court,
E.D. Arkansas,
Western Division.

Jan. 8, 2002.

Thomas W. Byarlay, Little Rock, AR, for Terry Lee Ault.

John Ogles, Jacksonville, AR, for Elsie Williams.

### ORDER

JAMES G. MIXON, Chief Judge.

On February 12, 2001, Terry Lee Ault ("Debtor") filed a voluntary petition for relief under the provisions of chapter 13. The Debtor's schedules reflect assets valued at $3,310.00 and liabilities of $41,220.00. The Debtor scheduled net monthly income of $1,600.00 and his wife's monthly income of $1,600.00 and his wife's net income of $1,053.00, although his wife is not a joint debtor. Expenses are scheduled at $2,596.00. The plan proposes to pay approximately $50.00 per month to creditors for 36 months.

On March 2, 2001, Elsie Williams ("Williams") filed an objection to confirmation of the plan on the basis that the plan was filed in bad faith. Trial on the merits was held September 7, 2001, and the matter was taken under advisement.

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 & 157 (1994). The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) (1994), and the Court may enter a final judgment in the case.

The Debtor lists the debt owed to Williams as $22,155.50. The obligation arose out of a personal loan to the Debtor from Williams, who is the Debtor's former mother-in-law.

The Debtor is currently married to Terrie Ault. She and her two children by a previous marriage reside with the Debtor in a house owned by her. The Debtor and Terrie Ault have been married for slightly more than two years.

Prior to this chapter 13 case being filed, the Debtor on January 13, 2000, filed a petition for relief under the provisions of chapter 7 of the bankruptcy code. His case, designated as case number 00–40149, was assigned to the Honorable Mary Davies Scott, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

Williams filed adversary proceeding number 00–4042 against the Debtor in the chapter 7 case, alleging that the debt owed to her was incurred by fraud and was not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). Williams also alleged a violation of 11 U.S.C. § 727(a)(4). The particulars of the conduct supporting the sec-

tion 727 cause of action were not made part of the record. Judge Scott ruled against Williams on the section 523 count but denied the Debtor's entire discharge pursuant to section 727.

After the discharge was denied, Williams' suit to collect on her debt was set for trial in state court. The Debtor responded by filing this chapter 13 case.

Williams and the Debtor dispute the amount of the debt, but the Debtor acknowledges that the purpose of the loan was to pay, in part, outstanding hot checks. Prior to the current difficulties, the Debtor and Williams were friends. The Debtor stated that he started drinking and hanging out at bars and Williams "stepped in to help." (Tr. at 25.)

In objecting to confirmation of the plan, Williams argues that because the Debtor's chapter 7 discharge was denied by Judge Scott in a previous case, the plan should not be confirmed under principles of res judicata, collateral estoppel and bad faith. Specifically, Williams argues that since her debt was not discharged in the chapter 7 case, the plan is per se filed in bad faith.

The Debtor contends that good faith must be judged considering all of the circumstances in the case.

## DISCUSSION

■ The Bankruptcy Code requires a debtor in a chapter 13 case to propose a plan in good faith and not by any means forbidden by law. 11 U.S.C. § 1325(a)(3) (1994). In considering whether a plan is proposed in good faith, the court must recognize the distinction between the discharge provisions of chapter 7 and chapter 13. *In re Otero*, 48 B.R. 704, 706 (Bankr. Va.1985) (noting that the chapter 13 discharge provisions of section 1328 are more liberal than the chapter 7 provisions under section 727).

The Bankruptcy Code expressly allows a chapter 13 debtor to discharge many of the debts that are excepted from discharge in a chapter 7 case. 11 U.S.C. § 1328(a) (1994). Included in the types of debts dischargeable in a chapter 13 that are nondischargeable in chapter 7 are those debts that were or could have been "listed ... by the debtor in a prior case ... in which the debtor ... was denied a discharge under section 727(a)(4)...." 11 U.S.C. § 523(a)(10) (1994). *See, e.g., Creative Recreational Systems, Inc. v Rice (In re Rice)*, 109 B.R. 405, 409 (Bankr.E.D.Cal. 1989) (denying debtor's discharge under section 727 but stating that debtor may be eligible for relief under chapter 13's broader discharge provisions), *aff'd*, 126 B.R. 822 (9th Cir. BAP 1991).

■ Thus, a chapter 13 plan treating debts that were nondischargeable in a previous chapter 7 is not proposed in bad faith per se because the Code expressly allows such treatment in certain instances. One author of a well-known treatise on chapter 13 points out that "[i]t is common for debtors to convert to Chapter 13 after losing a discharge or dischargeability battle in a Chapter 7 case." 3 Keith M. Lundin, Chapter 13 Bankruptcy § 183–2 (3d ed.2000)

■ The term "good faith" is not defined by the Bankruptcy Code. A good faith inquiry examines the circumstances of each individual case. *United States v. Estus (In re Estus)*, 695 F.2d 311, 316 (8th Cir.1982). In a good faith inquiry, the following factors are emphasized by the Eighth Circuit Court of Appeals:

Whether the debtor has accurately stated his debts and expenses on his bankruptcy statements and schedules. *Education Assistance Corp. v. Zellner*, 827 F.2d 1222, 1227 (8th Cir.1987) (citing *In re Estus*, 695 F.2d at 317; *In re Johnson*, 708 F.2d 865,

868 (2d Cir.1983); *Barnes v. Whelan*, 689 F.2d 193, 200 (D.C.Cir.1982); *In re Rimgale*, 669 F.2d 426, 432 (7th Cir.1982)).

Whether the debtor has made any fraudulent misrepresentation in connection with the case to mislead the Bankruptcy Court or his creditors. *Zellner*, 827 F.2d at 1227 (citations omitted).

Whether the debtor has unfairly manipulated the Bankruptcy Code in any aspect of his plan. *Zellner*, 827 F.2d at 1227 (citations omitted).

Whether a specific debt treated in the plan would be nondischargeable in a chapter 7 case. *Handeen v. LeMaire (In re LeMaire)*, 898 F.2d 1346, 1349 (8th Cir. 1990) (citing *Estus*, 695 F.2d at 317).

The type of debts which the debtor seeks to discharge in the chapter 13 case. *LeMaire*, 898 F.2d at 1349 (citing *Estus*, 695 F.2d at 317).

The debtor's motivations and sincerity in seeking chapter 13 relief. *LeMaire*, 898 F.2d at 1349 (citing *Estus*, 695 F.2d at 317).

■ The schedules and statements filed in this case appear to be accurate with the exception that the Debtor failed to disclose the prior bankruptcy filing. Debtor's counsel acknowledged that he had made this error when preparing the schedules. On Schedule F, Williams was listed as a creditor and her attorney and his address were also stated beneath Williams' listing. Therefore, the omission does not appear to be an attempt to conceal the previous case. Significantly, Williams does not allege that the Debtor has failed to list all his debts accurately.

There is no evidence of any fraudulent misrepresentation by the Debtor in connection with his petition or his testimony. The types of debts the Debtor seeks to address in the chapter 13 plan are all unsecured claims totaling $41,122.00. The debts are unremarkable and are mostly consumer debts, with the exception of the debt owed to Williams.

Williams objects to the fact that the Debtor has scheduled not only his own expenses but those of his wife and step children as well. However, the Debtor has also scheduled his wife's income even though she is not a joint debtor in the case. Thus, subtracting monthly expenses from monthly income results in an accurate calculation of disposable income.

The Debtor's plan does not evidence unfair manipulation of the Bankruptcy Code. The schedules reveal that the Debtor has modest income and modest possessions. There is no indication that the Debtor has an ability to pay more than he proposes to pay over the three-year life of the plan.

Williams emphasizes the fourth factor in arguing that the plan is proposed in bad faith. She contends that her debt was nondischargeable in the previous chapter 7 case and that it is bad faith for this Debtor to use chapter 13 to circumvent the nondischargeable nature of her claim. However, this issue was actually litigated before Judge Scott in the previous case, and she ruled adversely to Williams' argument that her debt was incurred by fraud and nondischargeable pursuant to 11 U.S.C. § 523.

Judge Scott did determine that the entire discharge would be denied pursuant to 11 U.S.C. § 727, but she based her ruling on facts that were not made a part of this record.[1] The only evidence in the record regarding Judge Scott's reason for deny-

---

1. Counsel for Williams attached a copy of a transcript of Judge Scott's remarks to his reply brief. However, this submission cannot be considered because it was never presented at the trial in accordance with the rules of evidence.

ing the Debtor's discharge is the Debtor's testimony that he recalled that Judge Scott referred to him as a scoundrel. Whether the Debtor deserved this insult is not in the record.

 The fact that the Debtor's discharge was denied previously or that a claim was determined to be nondischargeable or probably would be nondischargeable is not, standing alone, bad faith sufficient to sustain an objection to confirmation. *Keach v. Boyajian (In re Keach),* 243 B.R. 851, 870 (1st Cir. BAP 2000) (ruling that chapter 13 plan discharging nondischargeable fraud debt under chapter 7 was not indicative of bad faith); *Mason v. Young (In re Young),* 237 B.R. 791, 799 (10th Cir. BAP 1999) (noting that attempt to discharge a debt in chapter 13 that is not dischargeable in a chapter 7 is not per se bad faith), *aff'd,* 237 F.3d 1168 (10th Cir.2001); *In re Gillespie,* 266 B.R. 721, 726–27 (Bankr. N.D.Iowa 2001) (finding chapter 13 plan discharging a portion of debtor's $90,000.00 debt for willful and malicious injury was proposed in good faith); *In re Nipper,* 224 B.R. 756, 759 (Bankr. E.D.Mo.1998) (finding chapter 13 plan was proposed in good faith despite discharge of large portion of embezzlement debt previously declared nondischargeable); *In re Britt,* 211 B.R. 74, 78–79 (Bankr.M.D.Fla.1997) (ruling chapter 13 plan was proposed in good faith despite fact that plan discharged embezzlement debt found nondischargeable in a chapter 7); *In re Harlan,* 179 B.R. 133, 141 (Bankr.W.D.Ark.1995) (stating that plan was proposed in good faith although debtor sought to discharge large portion of judgment that was nondischargeable in chapter 7).

Furthermore, the nature of the debt to Williams, a personal loan held to be non-fraudulent in a prior bankruptcy proceed-

ing, tends to support a finding of good faith on the part of the Debtor.

As to the motivations and sincerity of the Debtor in seeking chapter 13 relief, the Court notes that the Debtor has proposed to pay substantially all monthly disposable income into the plan. This fact supports a finding that, while the Debtor's plan payment is relatively small, it represents his best effort to repay his creditors.

Therefore, for the reasons stated herein, the objection to confirmation is overruled.

IT IS SO ORDERED.